LEATHERS, APPELLANT v. THE CITY OF SPRINGFIELD.

1. **Contract:** AGENCY. A city is not liable for work done upon a street by a contractor in excess of the amount fixed by his contract, though the extra work is ordered by the supervisor appointed by the city to superintend the execution of the contract.

2. **Case Adjudged.** A contract for street work required macadam to be laid twenty-four feet wide, eight inches thick at the center and gradually less to the outer limit on either side, where it should be four inches thick, and to be measured and spread upon the

street as the city committee might direct; payment to be made at an agreed price per cubic foot. *Held,* 1st, that the intent of the contract was to have macadam spread to the average depth of six inches; 2d, that an instruction to the jury that, in order to ascertain the amount spread, they should multiply the length, breadth and average depth as fixed by the contract in feet, and divide by twenty-seven, laid down a correct rule of measurement; and evidence having been offered to show that under the direction of a supervisor appointed by the committe to superintend the work, the macadam had been spread to a greater average depth than six inches. *Held,* 3d, that the contractor could not recover for the excess.

*Appeal from Greene Circuit Court*—Hon. W. F. GEIGER, Judge.

*C. W. Thrasher, H. C. Young* and *W. C. Price,* for appellant, cited 2d Parsons on Cont. 5th Ed. 501. 494; *Shuetze v. Bailey,* 40 Mo. 69; *Chase v. Bradley,* 26 Me. 531; *Merrill v. Gore,* 29 Me. 346; *Heywood v. Perrin,* 10 Pick. 228; *Gray v. Clark,* 11 Vt. 583; *Warren v. Merrifield,* 8 Met. 96; *Barton v. Fitzgerald,* 15 East 541; *Webb v. Protection Insurance Co.,* 14 Mo. 3; *Patterson v. Camden,* 25 Mo. 13; *St. Louis Gaslight Co. v. St. Louis,* 46 Mo. 121.

*Bray & Cravens,* for respondent, cited 43 Mo. 266; 47 Mo. 135; 2 Pars. Contracts (5 ed.) 501 note *u; Ayres v. Hayes,* 13 Mo. 252; *Schulenburg v. McGwire,* 42 Mo. 391.

NORTON, J.—This suit was instituted in the circuit court of Greene county, in which plaintiff claimed there was due him from defendant the sum of $1,284. The suit is founded on a written contract entered into by plaintiff, of the first part, and F. S. Jones, J. B. Townsend and N. Ingram, a committee on behalf of defendant, of the second part, for grading and macadamizing Boonville street and grading a city lot, containing among others not necessary to notice the following stipulations: " The macadam on Boonville street shall be twenty-four feet wide, twelve feet on either side of the centre line, and shall be eight inches thick at

the centre, and gradually less to outer limit of twelve feet on either side of the centre line of said macadam, at which outer point the macadam shall be four inches thick; said macadam * * * shall be measured and spread upon said street as the said committee shall direct. The macadam on the city lot * * * shall be measured and spread upon said city lot as the committee shall direct, of the uniform thickness of six inches. And the parties of the second part, as a committee in behalf of the City of Springfield, covenant and agree with the party of the first part to pay him for the macadam as above specified, when spread out as specified, the sum of two and fifty-hundredths dollars per cubic yard, in the bonds of said city, at their par value." The petition alleges that plaintiff in pursuance of the contract spread, under the direction of said city, two thousand four hundred and twenty-eight cubic yards of macadam, amounting to the sum of $6,070, besides other work in removing three thousand and sixty cubic yards of dirt, amounting to $1,264; that defendant paid him all but $1,284.41 which was due and unpaid; that defendant had refused to deliver the city bonds of Springfield at par in payment thereof. The answer admits the contract and alleges that under it plaintiff only spead 1911⅓ cubic yards of Macadam on Boonville street, and not 2428 cubic yards; and payment in full of all that plaintiff was entitled to receive, was pleaded. On the trial plaintiff took a nonsuit with leave to move to set the same aside. The court refused to set the same aside, and rendered judgment for defendant, from which action of the court plaintiff has appealed. It was shown on the trial that the committee making the contract on behalf of defendant, employed one Johnson to superintend the spreading of the macadam on Boonville street, according to the terms of the contract. Plaintiff was notified of the purpose of his employment, and was also informed that said Johnson was to see that the contract was complied with, and that defendant would not pay for any extra work over and above the terms of the contract.

Plaintiff offered to show on the trial, that said Johnson, while acting as supervisor, and after the macadam had been spread on the street to the depth of eight inches in the centre, and four inches at the outer edge of the same, in such manner as to make an average depth of six inches, for the width of twenty-four feet, did frequently direct appellant to spread more macadam at the same place on said street to fill up inequalities in the road bed. This evidence the court refused to admit, and the action of the court in this respect is urged as a reason for the reversal of the judgment. This evidence was properly excluded, because Johnson was acting in excess of his authority and had no other power, as the plaintiff had been informed, than to see that the macadam was spread on the street according to the terms of the contract. He had no power to change, alter or enlarge it. He was invested, as the plaintiff must have known, with a particular and not a general power. There was evidence tending to show that the number of cubic yards claimed by defendant on said street had been so spread, and also evidence tending to show that only 1,911⅓ cubic yards had been so spread.

The seven instructions asked for by plaintiff, and refused by the court, it is unnecessary to notice, further than to say that there was no evidence on which to base the first. The second and third are subject to the same objection and the further objection, that in neither of them was the quantity of macadam to be used on said street, limited to the amount specified in the written contract. The fourth, fifth, sixth and seventh instructions were based on the theory that under the contract the macadam was to be measured before it was spread. If even this construction of the contract were correct, it does not authorize the measurement of more than was necessary to cover Boonville street to the required depth as specified in the contract. The evident intent of the contract was to have Boonville street covered with macadam to the depth of eight inches in the centre, with a gradual diminution of its depth

to the outer edge of the macadam, at which point it was to be of the depth of four inches, thus producing a general average in thickness of six inches. We think that this is the obvious meaning of the contract and justified the court in refusing the instructions from four to seven inclusive, as they ignored this construction.

Nor do we perceive any error in the action of the court in giving the instructions asked for by defendant to the effect, that plaintiff could not recover for more macadam than was necessary to cover Boonville street for the length macadamized to the width of twenty-four feet, and the average depth of six inches; and to the further effect, that to ascertain the amount of macadam spread on said street, the jury would multiply the length, breadth and average depth of the same in feet and divide by 27. We think that the rule thus laid down was an accurate one, of which the plaintiff could not complain, especially when the evidence tended to show that the macadam, when emptied from the boxes in which it was brought or hauled, increased in bulk about one-fourth.

Judgment affirmed, in which the other judges concur

AFFIRMED.