ALFORD TAYLOR, Respondent, v. THE KANSAS CITY CABLE RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 6, 1890.

1. **Damages:** INJURY TO PROPERTY BY CONSTRUCTION OF CABLE ROAD : EVIDENCE. In an action to recover damages to a lot and dwelling by throwing up an embankment and raising up the surface of the highway in front thereof, for the construction of a cable road, it is not error to admit in evidence the probable cost of constructing retaining walls and raising the property to the new grade of the street.

2. ———: INSTRUCTION AS TO MEASURE OF. Instruction of the court as to the measure of damages in this case is discussed in the light of the authorities and approved.

3. ———: ACT OF MARCH 25, 1885 : REMEDIES OF MUNICIPAL CORPORATIONS AND PRIVATE PERSONS. The act of March 25, 1885, provides a remedy for settling such controversies when a municipality is a party and in such cases is exclusive, but has no application, where private persons or corporations are the parties.

*Appeal from the Jackson Circuit Court.*—HON. R. M. FIELD, Judge.

AFFIRMED.

*Johnson & Lucas*, for the appellant.

(1) It was error to admit testimony as to the cost of building retaining walls, and raising the property to a level with the street as graded by the city. It was admitted that the plaintiff had done neither, and that his vendee had not spent any money for retaining walls and that the same would be unnecessary in the future, and the evidence had no tendency to prove any material fact in issue. On the theory on which the case was tried, the only question before the jury was that of depreciation, if any, in the market value of the property. *Railroad v. Francis*, 70 Ill. 238; *Snyder v. Railroad*, 25 Wis. 60. (2) Instruction number 1, given by the court of its own motion, is error. The measure of damage is not depreciation in the total value of the inheritance, but actual damages to the time of beginning his action. *Smith v. Railroad*, 11 S. W. Rep. 259; *Railroad v. Bingham*, 11 S. W. Rep. 705; *Pinney v. Berry*, 61 Mo. 367. Again there is no evidence to support the instruction. *Musick v. Railroad*, 57 Mo. 134; *Fritz v. Finnerty*, 10 C. L. J. 487. (3) Defendant's first instruction ought to have been given. *Charles v. Patch*, 87 Mo. 450; *Holman v. Railroad*, 62 Mo. 562. In all this record the only competent evidence offered disproves plaintiff's case. *Morgan v. Durfree*, 69 Mo. 476; *Powell v. Railroad*, 76 Mo. 83, and cases cited. (4) Defendant's second instruction ought to have been given. It was admitted that defendant constructed its road on the grade established by the city, and the act done was by authority of the city; hence this action cannot be maintained. See Laws of Missouri, Acts, 1885, page 47, sections 1, 2 and 7, providing a remedy, and declaring the same to be exclusive of all others. It would be superfluous to cite authorities showing that the act of defendant was the act of the city, or of the power of the legislature to

provide an exclusive remedy. *State v. Bittinger*, 55 Mo. 596. (5) Defendant's third instruction ought to have been given. It is not the policy of the law to maintain speculative controversies; if the defendant sold for all he ever asked for his property, how can he be damaged.

*Karnes, Holmes & Krauthoff*, for the respondent.

(1) No objections were made nor exceptions saved to the admission of evidence bearing on the cost of retaining walls, nor did the verdict rendered include any allowance for such walls as were shown to have been unnecessary. Hence a citation of authorities to sustain the competency of such evidence is not called for. Self-evidently, however, it is proper to show all items of expenses included in the estimate of the diminution of value by the witnesses, for the purpose of enabling the jury to judge how much of the estimate is warranted and recoverable. Both sides tried this case upon this theory. *Railroad v. Kuhn*, 38 Kan. 104, 108; *Meinzer v. Racine*, 42 N. W. Rep. 230, 232. (2) This is not a common-law action for a nuisance. The authority for the proceeding is found in section 21 of article 2 of the constitution. *Werth v. Springfield*, 78 Mo. 107; *Householder v. Kansas City*, 83 Mo. 488; *Sheehy v. Railroad*, 94 Mo. 574, 579; *Railroad v. Hazels*, 42 N. W. Rep. 93; *Reardon v. San Francisco*, 66 Cal. 492, 501, 505; *Harmon v. Omaha*, 17 Neb. 548. Here the measure of damages is the diminution in the market value of the property caused by the act complained of. *Sheehy v. Railroad*, 94 Mo. 574, 580; *Railroad v. Hazels*, 42 N. W. Rep. 93, 96; *Railroad v. Reinhacke*, 15 Neb. 279, 280; *Omaha v. Kramer*, 25 Neb. 489, 492; *Denver v. Bayer*, 7 Col. 1; *Frankle v. Jackson*, 30 Fed. Rep. 398, 400; *Chicago v. Taylor*, 125 U. S. 161, 168; *Railroad v. Rose*, 74 Pa. St. 362, 368; *City*

*of Olney v. Wharf*, 115 Ill. 519, 525; *Railroad v. Eddins*, 60 Texas, 663. (3) The act of 1885 shows that it was only intended to apply where a claim for damages was made against a municipality. No machinery is provided for using it as against a railroad company. To hold that the proceeding provided for is the exclusive remedy in such a case, would make the act unconstitutional. Cooley Const. Lim. [5 Ed.] p. 445; *Walther v. Warner*, 25 Mo. 277, 285, 288; *Provolt v. Railroad*, 57 Mo. 256, 261; *County Court v. Griswold*, 58 Mo. 175, 199.

GILL, J.—The plaintiff had judgment against the defendant, in the court below, for damages resulting to his (plaintiff's) lot and dwelling, by reason of throwing up an embankment and raising the surface of the highway in front of plaintiff's said property on east Ninth street, Kansas City, for the construction of a cable road. The verdict was for the sum of five hundred dollars, but the court required plaintiff to remit two hundred dollars, and a judgment was entered for the remainder, three hundred dollars, from which defendant has appealed.

I. The first objection urged by the defendant is that the circuit court erroneously permitted plaintiff to show, by evidence, at the trial, the probable cost of constructing retaining walls and raising the property to conform to the new grade of the street to which defendant had brought the same.

In answer to this alleged error, it is sufficient to say that, as appears by defendant's abstract, no such objections were saved at the trial. But, even were they saved, we can but regard such as matters of proper inquiry. It is true that such items as the cost of retaining walls and cost of grading the lot, etc., do not enter directly into the computation of damages, but it seems that such matters may be shown to thereby assist the jury in arriving at an estimate of change in the market value of the premises. Such an inquiry tends

to enlighten the jury as to the probable effect on the value of the property after the street has been raised above the grade elevation of the lot and premises.

For example, in arriving at the real value of the change of grade, the jury might conclude that such walls and filling in the lot, or raising the building, were absolutely necessary to the owner to render the property available, or even salable. Such expenditures, when made, might render the property even more valuable than before; or, in the mind of the jury, the value with such expenditures made, would be the same as before the change of grade in the street. If the advantages of the change of grade, or appreciation on that account, should be found to equal or exceed the costs of such walls, grading up the lot and raising the building, then the jury would, of course, find no damage to the plaintiff and render a verdict for the defendant. So, we conclude, there was no error in the admission of such evidence.

II. Defendant's counsel further object to the measure of damages as declared by the circuit court. The court, in effect, told the jury that, if they found for the plaintiff, the verdict should be for such sum as would be equal to the amount that the market value of such property was diminished by such act of defendant. There is no reason to find fault with this direction from the court. It announces the rule, in cases of this sort, as frequently declared in this state. *Sheehy v. Railroad*, 94 Mo. 574-580.

The later case by the supreme court of Missouri, of *Smith v. Railroad*, 11 S. W. Rep. 259, is in no sense in conflict with the rule above announced. In that case the measure of damages was limited to what had befallen the property, in the way of loss of rental value, etc., to the time suit was brought, and for the reason that the evidence showed that the grading up of the street was only for a temporary purpose—that the

grade was not fixed nor anything done by the city to show that such grade was to be retained as a permanent grade. The court there inferentially admits that, in cases such as this, where a permanent grade has been fixed by such change, and the filling done in accordance with such permanent grade, that the measure of damages is the total depreciation in the market value of the inheritance. See, also, in point: *Griffin v. Railroad*, 6 S. Rep. 624; *City of Chicago v. Taylor* (U. S. Sup. Ct.) 8 Sup. Ct. Rep. 820.

III. It seems to be claimed by defendant's counsel that this cause must fail because not prosecuted under the provisions of the act of the legislature approved, March 26, 1885 (Laws, 1885, p. 47), that the remedy there provided is an *exclusive* remedy, etc. The defendant's able counsel is at fault in this contention. It is sufficient to say now, that the act referred to provides for no such wrong as this, where relief is sought against an individual or a private corporation. It only applies to a settling of such controversies when the *municipality* is a party, and, by section 8 of the act, such proceedings as there contemplated "shall be exclusive of all other remedies in the courts of this state for the recovery from any *municipal corporation* of damages done to private property for public use," etc. Indeed, the entire act, and machinery there provided for settling such damages, show, beyond question, that it has no application to an action by an abutting property-owner against a railroad corporation for injuries thus inflicted.

This case was fairly tried and properly submitted on instructions unobjectionable to both sides, and the judgment is affirmed. All concur.