SMITH *et al.* v. KANSAS CITY, *Appellant.*

### Division One, March 26, 1895.

1. **Practice in Supreme Court:** STRIKING OUT SPECIAL PLEA: EXCEPTIONS. Where the action of the trial court in striking out, on motion, a special plea contained in an answer is not excepted to, nor the motion preserved in the bill of exceptions, such action will not be reviewed on appeal.

2. **Municipal Corporation:** CHANGE OF STREET GRADE: MEASURE OF DAMAGES: EVIDENCE. In actions for damages to property caused by lowering the grade of a street, the general rule is that when the reasonable cost of repairing the injury by restoring the premises, as near as may be, to their former condition is less than the diminution in the market value of the property by reason of the injury, such cost of restoration is the proper measure of damages; but when the cost of restoration is more than such diminution the latter is generally the true measure of damages, and evidence of the cost of restoration and of diminution in the market value are both admissible on the question of damages to be awarded.

128    23
73a 618

128    23
84a 580
86a 536

128    23
163 341

128    23
95a ³166

3. ———: ———: ———: INSTRUCTION. In an action for damages to property by lowering the grade of a street, an instruction to the effect that, in estimating the damages, the jury may take into consideration, with the other evidence in the case, the cost of adjusting the premises to the condition of the street created by the change of grade, is not erroneous, where the measure of damages is fixed by other instructions at the difference in the market value before and after the change.

4. Practice: INSTRUCTIONS. Instructions should be read and construed all together.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*F. F. Rozzelle* and *F. P. Walsh* for appellant.

(1) The court erred in giving instruction number 3 for plaintiff. This instruction is in conflict with instruction number 4 given on behalf of defendant. *Bluedorn v. Railroad*, 108 Mo. 39; *State v. Herrell*, 97 Mo. 109. (2) Instruction number 3 for plaintiffs was was erroneous because: *First.* There was no evidence as to cost of restoring lot and improvements to the condition they were before the grading. *Second.* The testimony shows many of the improvements could not be lowered, but must be replaced with new improvements, and no deduction is authorized on account of old improvements being supplied by new improvements. *Third.* It authorized the jury to take into consideration as elements of damage the necessary destruction of any trees and shrubs, and the cost of lowering and replacing the barn. There was no testimony to support this point. *Duke v. Railroad*, 99 Mo. 347. *Fourth.* The instruction authorizes the jury to take into consideration certain matters, if the jury deemed them "proper." *Wilburn v. Railroad*, 36 Mo. App. 203. *Fifth.* The uncontradicted evidence of plaintiffs' witnesses shows that the cost of grading and lowering the improvements

would be greater than the diminution in the value of the property by reason of the grading of the street. *Kansas City v. Morton*, 117 Mo. 446. (3) This instruction was faulty because it singled out particular facts and directed the jury to consider them in estimating plaintiffs' damages. *Railroad v. Stock Yards*, 120 Mo. 559. (4) This instruction was erroneous because a comment on the evidence. *Railroad v. Stock Yards*, 120 Mo. 565, and cases there cited. (5) *First.* The court erred in sustaining a motion in the nature of a demurrer to strike out the whole of the second defense in the amended answer. *Veil v. City of Independence*, 116 Mo. 333. *Second.* Under the pleadings the judgment should have been for defendant. (6) The damages are excessive.

*Botsford & Williams* and *Elliott & Burnham* for respondents.

(1) The motion to strike out the second defense of the answer is not in the bill of exceptions, and no exception is saved to the action of the court in sustaining it, and its action will not be reviewed in the appellate court. (2) The admission in evidence of the cost of grading down plaintiffs' lot and lowering the improvements, and the giving by the court of plaintiffs' third instruction to the jury, were proper. *Taylor v. Railroad*, 38 Mo. App. 668; *Railroad v. Waldo*, 70 Mo. 629; *City of Kansas v. Railroad*, 102 Mo. 633; *Railroad v. Story*, 96 Mo. 612; *Railroad v. Shambough*, 106 Mo. 558; *Topeka v. Martineau*, 42 Kan. 388; *Chicago v. Taylor*, 125 U. S. 169; *Tyson v. Milwaukee*, 50 Wis. 78; *Hartshorn v. Chaddock*, 17 L. R. A. 426; *Barrick v. Schiffendecker*, 123 N. Y. 52; *Argotsinger v. Vines*, 82 N. Y. 308; *Holt v. Sargent*, 15 Gray, 97. (3) If the court committed error in giving plaintiffs' third

instruction, then that error was waived by defendant asking the court to give the closing paragraph of its first instruction given by the court, which paragraph enunciates the same proposition conversely that is stated in plaintiffs' third instruction. It is well settled that an appellant can not complain of error in instructions given at the instance of the respondent, if those given at his instance contain the same error. *McGonigle v. Dougherty*, 71 Mo. 259; *Holmes v. Braidwood*, 82 Mo. 610; *Thorpe v. Railroad*, 89 Mo. 650. (4) There is no conflict between plaintiffs' third instruction and appellant's fourth instruction. Instructions numbered 1, 2 and 5, given for plaintiffs, as well as those given for appellant, all told the jury that it was the difference in the market value of the property before and after the grading that was to be their guide and was to determine the amount of damages, if any, that were to be awarded to the plaintiffs.

BRACE, P. J.—The plaintiffs are husband and wife and sue the city for damages to the property of the wife abutting on Locust street in said city.

The petition charges that the plaintiff, Mary E. Smith, since the twenty-first day of February, 1890, has been, and still is, the owner in fee simple of the premises described in the petition. That on March 2, 1889, the city, by ordinance of that date, established a grade for said street in front of plaintiff's property below the grades of the natural surface thereof, and on the third day of January, 1890, it provided by ordinance for cutting down said street in front of plaintiff's property to the grade thus established; that in pursuance of said ordinance the city, through its contractor, "in the months of September and October, 1890, made a deep cut in said Locust street in front of plaintiffs' property and without plaintiffs' consent, of the

depth of fourteen feet, leaving the residence of the plaintiffs and the other improvements of plaintiff thereon over fourteen feet above the street and wholly inaccessible to or from the same, to the damage of the plaintiffs in the sum of $5,000."

The answer was a general denial, with the following special plea:

"Defendant for further answer to plaintiffs' petition says that, at the time of the purchase of the real estate described in plaintiffs' petition, the grade of said street had been established, and a portion of the same had been graded; that at the time of the purchase and conveyance of said real estate to plaintiffs, they knew that a portion of said street had been graded, and knew that the same was to be graded in front of their property, and assented thereto; that they knew that there was to be a cut in front of the property purchased by them of fourteen feet. By reason of which, defendant says, plaintiffs are estopped from claiming any damages by reason of the grading of the street in front of the property herein aforesaid, and having fully answered, asked to be discharged with costs."

It appears from the additional abstract filed by respondent herein that this special plea was on motion stricken out, but it does not appear, either from appellant's or respondent's abstract, that the action of the court in striking it out was excepted to, nor is such motion preserved in the bill of exceptions, nor is any exception taken to the action of the court thereon, either in the motion in arrest or for new trial. The case was tried on the issue made by the general denial, and only the errors assigned on the trial of that issue are before us for review. *Jefferson City v. Opel*, 67 Mo. 394; *Mockler v. Skellett*, 36 Mo. App. 174; *Railroad v. Carlisle*, 94 Mo. 166; *Williams v. Railroad*, 112 Mo. 463.

The plaintiffs introduced evidence sustaining the allegations of the petition and tending to prove that the cost of lowering the grade of her lot and letting down her improvements and restoring the same to a like relative position to the reduced grade of the street that they occupied to the street before the cut was made, would be from $4,000 to $6,000; and also evidence tending to prove that the market value of the premises had been depreciated from $3,500 to $5,000 by the lowering of the grade. The defendant introduced evidence tending to prove that the effect of the grading was not to depreciate but to increase the market value of the property.

The jury returned a verdict for the plaintiff, assessing her damages at the sum of $2,750, and from the judgment rendered thereon, the defendant appeals.

The court gave the following instructions touching the measure of damages:

For the plaintiffs:

"1. The jury are instructed that if you find and believe from the evidence that the defendant city, by its contractor, Patrick Lyons, cut down and lowered the grade of Locust street in Kansas City, Missouri, in front of the property described in the petition, during the months of September and October, 1890, and that at the time the plaintiffs were husband and wife, and that plaintiff, Mary E. Smith, was the owner of said property, and that the plaintiffs were not. made parties to any proceedings to assess damages arising from said grading, and that none has been paid them, and shall further find that the market value of said property was depreciated by said grading, then your verdict should be for the plaintiffs.

"2. The jury are instructed that if you find for the plaintiffs, your verdict should be for such sum, not to exceed five thousand dollars ($5,000) as you

may find and believe from the evidence would equal the amount that the market value of such property was diminished by such act of the defendant.

"3. If the jury find for the plaintiffs, in estimating the damages to said property they may take into consideration as elements of damage, with other evidence in the case, the cost, if any, necessary to grade down said property to the grade as changed by defendant, and lowering and replacing the improvements thereon, and the necessary destruction of any trees or shrubs that you may find and believe to be on said property, also of the cost, if any, of building retaining walls, if you find it necessary or proper that any be built, allowing, however, as an offset, any appreciation or increase in value of said property by reason of the grading of said street."

"5. The jury are instructed that by 'market value,' as meant in the foregoing instructions, means the fair value of the property, as between one who wants to purchase and one who wants to sell an article and market value is not limited to that price that property would bring forced off at auction, under the hammer. It is what it would bring at a fair sale, when one party wants to sell and the other to buy."

For the defendant:

"1. The matter for your determination is, what damage, if any, was done to plaintiff's property by reducing the grade of Locust street from Twenty-third to Twenty-sixth street, and in arriving at this, you must decide whether or not the real estate, with improvements thereon, was worth less for any purpose in the market, immediately after the grading, than it was immediately before. If you should believe that immediately after the grading, in its then condition, the property would not have sold in the market for as much as it would just preceding the change of grade,

and that such depreciation was the result of such change of grade, then you should find for the plaintiff and assess their damages at the amount of such depreciation.

"If, however, you should believe that the reduction of surface of the street, from Twenty-third to Twenty-sixth street, under this change of grade, was a special benefit to the real estate, along with other property in the vicinity of plaintiffs' property, and that such special benefit equaled or exceeded the damages, then plaintiffs are not entitled to recover and your verdict should be for the defendant.

"In other words, although the change of grade may have been an inconvenience to the enjoyment of plaintiffs' property, and may have necessitated an expenditure of money to render it fit for occupancy, and to provide a suitable approach to the buildings and property, and if, when such repairs, approaches and improvements were made after said grading, the property was not even then not so well adapted for residence and business purposes as before the grading, yet, if you find that because of any special benefits derived from the grading the whole property was worth as much or more in the market than before—that such special benefits equaled or exceeded such damages and inconvenience, then your verdict should be for the defendant."

"4. The jury are instructed that the measure of damages, if any, sustained by plaintiffs is the difference in the market value of said property immediately before and after such grading of Locust street, regardless of the cost of lowering said house and grading the lot upon which the same was situated."

Of the instructions given, the defendant complains only of instruction number 3 for the plaintiff, the substance of which is, that in estimating the plaintiffs'

damages the jury are to take into consideration, with the other evidence in the case, the cost of adjusting the plaintiffs' premises to the condition of the street created by the defendant's act complained of.

Much evidence was introduced by the plaintiffs to show the condition of the premises before and after the grading, and the cost of adjusting the property to the new grade. This evidence was properly admitted, and such cost was a proper subject for consideration by the jury in estimating the damages of the plaintiff. The general rule is, that when the reasonable cost of repairing the injury by restoring the premises to their former condition, as near as may be, is less than the diminution in the market value of the property by reason of the injury, such cost of restoration is the proper measure of damages. On the other hand, when the cost of restoring is more than such diminution, the latter is generally the true measure of damages, and proof of the cost of restoring the land to its former condition, and proof of the diminution in the market value are both admissible on the question of damages to be awarded for an injury thereto. *Kansas City v. Morton*, 117 Mo. 446; *Hartshorn v. Chaddock*, 135 N. Y. 116; *Taylor v. Railroad*, 38 Mo. App. 668; *Topeka v. Martineau*, 42 Kansas, 388; *Chicago v. Taylor*, 125 U. S. 161; *Holt v. Sargent*, 15 Gray, 97.

Such evidence is admissible, not only for the purpose of disclosing the true measure of damages, but when, as in this case, the measure disclosed is the market value of the property, before and after the change of grade, to enable the jury, by a knowledge of the real situation and condition of the premises, and the expenditure necessary to make them conform to the new grade, to form a better idea of the effect of the change on its market value. Such information throws light upon, and, to an intelligent jury of the vicinage

is invaluable in testing the worth of, expert opinion as to such market value.

By instruction number 3 for the plaintiffs, the jury could use the evidence in question only for such purpose.  In plain and unmistakable terms, the jury were told in the other instructions, for both plaintiffs and defendant, that the plaintiffs' right to recover must be limited to the amount that they should find that the market value of the property had been depreciated by the lowering of the grade.  There is nothing in instruction number 3 for the plaintiffs, inconsistent with the other instructions on the subject.  By it they are simply authorized to use as an aid in arriving at a true esti-mate of the market value the facts developed by the evidence and stated in that instruction; and, that there might not be any mistake about the matter, the court, at the instance of the defendant, in the last paragraph of its first instruction adopted this theory of the use to be made of such facts, and expressly limits their opera-tion to the effect upon the market value of the prop-erty; requiring the jury to return a verdict for defend-ant, unless the market value of the property had been depreciated by the reduction of the grade of the street in front of plaintiffs' premises, whatever inconvenience might result from such change, or expenditures made necessary in consequence thereof, to render the prop-erty habitable and accessible.

Reading the instructions altogether, as they should be read, the fact that plaintiffs' recovery is to be lim-ited to the amount of the depreciation in the market value of the property by the injury complained of, is found to be made unusually prominent by frequent reiteration in plain and unmistakable language, and when so read, instruction number 3 for plaintiffs is found to be entirely consistent with that idea, and harmonious with all the other instructions in the case.

The defendant has no ground to complain of the law of the case as given to the jury, and we find no error in the record calling for a reversal. The judgment is, therefore, affirmed. All concur.