CHARLES KROFFE, Respondent, v. CITY OF SPRING-
FIELD, Appellant.

### Kansas City Court of Appeals, February 4, 1901.

1. **Municipal Corporation:** CHANGING GRADE OF STREET:
LIABILITY: THIRD CLASS CITY: ORDINANCE. A city of the
third class can only change the grade of a street by ordinance, and
an ordinance establishing a grade of a street will not render the
city liable unless it also authorized the street commissioner to
change the existing grade to the established grade.

2. ———: ———: ———: ———: ———: RATIFICATION:
EVIDENCE. The only way a city can ratify an act of its officers is
by ordinance; and evidence that the parties employed in changing
the grade of a street were paid by the city is incompetent to prove
ratification. Cases distinguished.

3. ———: ———: ———: EVIDENCE. The evidence in this case
fails to show that the city through its duly authorized agent
had anything to do with the grading.

4. ———: ———: ———: MEASURE OF DAMAGES. An instruc-
tion on the measure of damages approved in Smith v. Kansas City,
128 Mo. 23, is followed.

5. ———: ———: ———: COMPLIANCE WITH CONTRACT. A
property owner suing for damages arising from the change of
grade in the street need not show that the grading was done in
compliance with the contract between the city and the contractor.

Appeal from the Dade Circuit Court.—*Hon. H. C. Timmonds,*
Judge.

REVERSED AND REMANDED.

*Arch A. Johnson* for appellant.

(1) Cities of the third class have power to grade streets
by enacting ordinances for such purposes. R. S. 1899, sec.

Kroffe v. Springfield.

5858.  (2) There was no ordinance enacted by appellant city authorizing or directing the grading of Washington avenue. Therefore the demurrer to respondent's evidence should have been sustained.  Rives v. City of Columbia, 80 Mo. App. 173; Kolkmeyer & Co. v. City of Jefferson, 75 Mo. App. 678; Wheeler v. City of Poplar Bluff, 149 Mo. 36; Maudlin v. City of Trenton, 67 Mo. App. 452; Beatty v. City St. Joseph, 57 Mo. App. 251; Gehling v. City St. Joseph, 49 Mo. App. 433; Werth v. City of Springfield, 22 Mo. App. 16; Mfg. Co. v. Schell City, 21 Mo. App. 175; Thompson v. City of Boonville, 61 Mo. 282; Louisiana v. Miller, 66 Mo. 467; Saxton v. St. Joseph, 60 Mo. 153; Town of Tipton v. Norman, 72 Mo. 380; Rowland v. City of Gallatin, 75 Mo. 134; Werth v. City of Springfield, 78 Mo. 107; Stewart v. Clinton, 79 Mo. 603; Worley v. Columbia, 88 Mo. 106; Town of Trenton v. Coyle, 107 Mo. 196; Eichenlaub v. St. Joseph, 113 Mo. 402; City to use v. Eddy, 123 Mo. 546.  (3) Respondent's failure to prove that the cut made in front of his property was necessary to make the street correspond to the established grade was fatal to his right to recover.  Leathers v. City of Springfield, 65 Mo. 504; Imler v. City of Springfield, 30 Mo. App. 669; and authorities cited supra.  (4) Instruction number one given by the court of its own motion was not the law.  Hickman v. Kansas City, 120 Mo. 110; Clinkenbeard v. St. Joseph, 122 Mo. 641; Smith v. St. Joseph, 122 Mo. 643; Davis v. Railroad, 119 Mo. 180; Cole. v. St. Louis, 132 Mo. 633; Rives v. City of Columbia, 80 Mo. App. supra.

*B. G. Thurman, Lincoln & Lydy* for respondent.

(1) The ordinances in evidence establishing, changing, and lowering the grade, under which the work was done, meets every requirement of the statute and the adjudged cases. R. S. 1899, sec. 5858, 5861; R. S. 1889, sec. 1821.  (2) "When

property is damaged by establishing the grade of a street, or by raising or lowering the grade of a street previously established, it is damaged for public use within the meaning of the constitution." Werth v. City of Springfield, 78 Mo. 107, 110; Householder v. City of Kansas, 83 Mo. 488; Sheehy v. Railroad, 94 Mo. 574; Carson v. Springfield, 53 Mo. App. 289; Gibson v. Owens, 115 Mo. 258; Hickman v. Kansas City, 120 Mo. 110. (4) In the following case an ordinance establishing the grade was passed in 1867, and it is held that defendant's authority to improve its streets was legally pursued by the enactment of that ordinance; but the street committee undertook to change the grade thus established by ordinance, and do so without any ordinance whatever, and for the change the city was not liable in damages. Thompson v. City of Boonville, 61 Mo. 282. (5) The uncontradicted evidence shows that the city, in addition to enacting ordinances authorizing this grade, did the work through the street commissioner, and paid for it. It both authorized and ratified the acts of its street commissioner, and is now estopped from denying liability, or taking advantage of its own wrong. Soulard v. City of St. Louis, 36 Mo. 546; Dooley v. Kansas City, 82 Mo. 444; Householder v. Kansas City, 83 Mo. 488; Rives v. City of Columbia, 80 Mo. App. 173; Jarboe v. City of Carrollton, 73 Mo. App. 347. (6) Appellant cites several cases where no ordinance of any kind was passed, or where the work done exceeded the limits prescribed. These cases have no application to the facts of this case. Imler v. Springfield, 30 Mo. App. 669, 678. (7) The city ratified what its street commissioner did, by paying for the work. A subsequent affirmation or consent is equivalent to a previous authorization, is as applicable to corporations as to individuals. Imler v. Springfield, 30 Mo. App. 679; Bank v. Sharp, 4 Sm. and M. 75; Everett v. U. S., 6 Port. 166; Line v. Mfg. Co., 12 N. H. 205; Holmes v. Board of Trade, 81 Mo. 137. And this rule applies to municipal cor-

porations. Imler v. Springfield, 30 Mo. App. 669, 680; Ross v. Madison, 1 Ind. 281; Thayer v. Boston, 19 Pick. 511; Schurmacher v. St. Louis, 3 Mo. App. 299; Barrett v. County Court, 44 Mo. 198. A corporation is liable to same extent and under same circumstances as a natural person for the consequences of its wrongful acts. Alexander v. Relfe, 74 Mo. 495, 517; Sherman v. Printing Co., 29 Mo. App. 31, 38. (8) The evidence shows the cut was made as provided in the ordinances. The city offered no evidence to the contrary. The presumption of law is that the agents or servants of the city graded the streets as prescribed by the ordinances. Stewart v. City of Clinton, 79 Mo. l. c. 612.

BROADDUS, J.—This suit was brought in the county of Greene but was taken to Dade county on change of venue. It was tried at the November term of said court for the year 1899, and judgment rendered for plaintiff for $215, from which judgment the defendant appealed.

The plaintiff's allegations as to his right to recover are: "That the defendant city by its ordinances, number 1949 entitled 'An ordinance to establish the grade of Washington avenue from Chase street to High street,' approved August 22, 1894, and number 2262 entitled 'An ordinance establishing the grade of center line of Washington avenue from Garfield avenue to High street,' approved May 5, 1896, and an ordinance, number 2154, approved August 9, 1895, correcting said ordinance number 1949, established, changed and lowered the grade of said Washington avenue in front of plaintiff's property from five to six feet below the said natural surface thereof and removed the earth therefrom, thus leaving a steep embankment in front of plaintiff's property and shutting off ingress to plaintiff's property by vehicle from said street as well as egress therefrom." After which, allegations follow as to the manner and extent in which he is damaged. The answer of

defendant is a general denial. Upon the issues raised by the pleadings the parties went to trial.

On the trial it was admitted that the plaintiff was the owner of the property claimed to have been damaged. It was shown in the evidence that the grade of the street was changed in front of plaintiff's property on Washington avenue several feet by lowering the street, and there was evidence tending to show that he was damaged by the change. The ordinances set forth in the petition were read to the jury without objection, and evidence introduced to the effect that defendant's street commissioner superintended the work of grading the street. And among other evidence the following was introduced against the objections of the defendant. R. R. Witten, after testifying that he did some work on the grading, was asked this question: "Who paid you for the work?" Answer: "The city." Q. "The city of Springfield?" A. "Yes, sir."

The court at the instance of the plaintiff gave five instructions which were objected to by defendant, and refused the three instructions offered for the defense. It is claimed by defendant that the court erred in refusing said instructions last named. If upon a review of the whole case the plaintiff was entitled to go to the jury, there was no error in any of said instructions objected to. If the plaintiff had contented himself with proving only the facts alleged in his petition he would not have been entitled to have gone to the jury, for the allegations which were insufficient that the city under the ordinances set out establishing the grade on Washington avenue, were not authority in themselves warranting the street commissioner to do the grading. In Maudlin v. City of Trenton, 67 Mo. App. 456, Judge ELLISON, in delivering the opinion of the court, uses this language:

"The charter of defendant city authorized the grading and altering grades of streets by ordinance. This being so it measured the rights of the city in this respect and confined its

authority to act within the limit of the legislative department of the city evidenced by a proper ordinance. This has been so frequently decided by the appellate courts of the state that we need do no more than cite the cases." And in support of his decision he cites various cases, to-wit: Gehling v. St. Joseph, 49 Mo. App. 432; Werth v. Springfield, 78 Mo. 107; s. c., 22 Mo. App. 12; Stewart v. Clinton, 79 Mo. 603; Thompson v. Boonville, 61 Mo. 282; Rowland v. Gallatin, 75 Mo. 134; Beatty v. City of St. Joseph, 57 Mo. App. 251.

The mere fact that the city passed the ordinances in evidence in this case establishing a grade on Washington avenue did not authorize the street commissioner to change the existing grade to the grade established by said ordinances. There should have been a specific ordinance to that effect, and no such ordinance was pleaded or offered in evidence. The finding in this case can not be supported except upon the theory that there was a ratification by the city after the work was completed—and all the evidence to that effect is that set forth above in which the witness Witten, in answer to a question as to who paid him for the work he did on the grading, stated, over the objections of the defendant, "the city," "the city of Springfield." The answer was a mere conclusion. The only way that the city could ratify would be by ordinance. It would require the same authority to ratify that it would require to authorize the grading in the first place. See Maudlin v. City of Trenton, 67 Mo. App. 456. There should be some act of the city council shown that would be in the nature of a ratification, an approval of the thing already done. The court erred in overruling defendant's objections to the evidence of witness Witten quoted above, as it was not competent evidence for the reason stated.

There was no evidence in effect before the jury tending to show that the city had, through its duly authorized agents, anything to do with the grading. If this conclusion is correct

the defendant's instruction number one in the way of a demurrer should have been given by the court.

As this case is to be retried it becomes important to pass upon the objections of the defendant to the instruction number one given by the court in behalf of the plaintiff. It is sufficient to say that said instruction which goes to the measure of damages has been approved by the Supreme Court of the state in Smith v. Kansas City, 128 Mo. 23.

There is a further objection made to the right of plaintiff to recover and that is, that he failed to show that the work was done in compliance with the ordinance establishing the grade of the street. There is nothing in the contention, for if the city had authorized the grading, the plaintiff, not being a party to the contract for the grading and having no right to control the street commissioner or the workmen engaged in the work, could not be held responsible for the acts of others over whom he had no supervision. But in cases where the city has a contract to do work upon its streets, the contract must be complied with substantially by the contractor before there can be any recovery under the contract. See Leathers v. City of Springfield, 65 Mo. 504. But a party whose property is damaged necessarily by the doing of the work would be injured to the same extent whether the work by the contractor was or was not performed according to contract.

The respondent places some stress upon the fact that there was a ratification of the act in question and cites Soulard v. City of St. Louis, 36 Mo. 546 and Dooley v. City of Kansas, 82 Mo. 444. But on examination they will appear to be in harmony with those already cited herein showing what it takes to constitute ratification by a municipal corporation. In the first case Judge WAGNER, who delivered the opinion of the court, uses this language: "A corporation is civilly responsible for damages occasioned by an act, as a trespass or tort, done at its command, by its agents, in relation to a matter

within the scope of the purpose for which it was incorporated. Accordingly, it has been held that a municipal corporation will be liable, where acts are done by its authority which would warrant a like action against an individual, provided such act is done by the authority and order of the city government, or of those branches of the city government invested with jurisdiction to act for the corporation upon the subject to which the particular act relates, or where, after the act has been done, it has been ratified by the corporation." In the last case the city police of Kansas City took possession of plaintiff's property without authority and used it as a pest house. But the expenses attending, the occupation were paid under an ordinance of the city council authorizing payment. Thus, it will be seen that these cases can not, upon principle, be distinguished from those holding that a ratification in order to be binding upon a municipal corporation must be of such a nature as would have been binding upon the corporation in the first place.

From what has been said, it follows that the case must be reversed and remanded, with leave to plaintiff to amend his petition. All concur.