FRANK E. STROKER et ux., Plaintiffs in Error, v. CITY OF ST. JOSEPH, Defendant in Error.

**Kansas City Court of Appeals, March 5, 1906.**

1. **MUNICIPAL CORPORATIONS: Changing Street Grade: Damages: Evidence: Retaining Wall.**  An alleged colloquy between counsel and court is held to amount to a denial of a lot owner's right to inquire as to the necessity of a retaining wall to hold the filling of his lot necessitated by change of grade in the abutting street.

2. ———: ———: ———: **Measure of: Evidence.**  The measure of damages to a lot occasioned by the change of grade in the street is the cost of restoring the lot to its grade where such cost is less than the diminution in the market value of the lot, and where such cost is more than the diminution then the diminution in the market value is generally the true measure; and evidence of the restitution and the diminution in value are both admissible.

3. ———: ———: ———: **Instruction: Evidence.** Where evidence relating to certain phases of the measure of damages is excluded, an instruction relating to such phase of damages can serve no purpose whatever.

Error to Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

REVERSED AND REMANDED.

*Sterling P. Reynolds* for plaintiffs in error.

(1)   The court erred in refusing of its own motion to permit plaintiffs to show the value of a retaining wall on the east of these lots.   This identical question was passed on and ruled to be proper by the Supreme Court.

Especially is this true when a party to the suit does not object. Smith v. Kansas City, 128 Mo. 23. (2) Plaintiffs' instruction numbered 6 should have been given because by it the jury was told what to consider in estimating the damages in case they found for plaintiff. It is a proper question for the jury to determine whether or not a retaining wall is necessary, and it is improper for the court to decide for the jury when there are no objections from defendant. Smith et al. v. Kansas City, 128 Mo. 23. The court erred in giving instruction numbered 4 on behalf of defendant. This instruction is indefinite and uncertain and does not give the jury the proper rule as to the measure of damages.

*William B. Norris* and *Edwin M. Spencer* for defendant in error.

(1) The court did not refuse to permit the plaintiff to show the value of a retaining wall; no such offer was made by plaintiff. The plaintiff asked the question of the city engineer whether a retaining wall on Sixteenth street was necessary in filling the lots. The court remarked: "You have your remedy if they undertake to grade Sixteenth street." This incident was closed with this remark and there is nothing further about a retaining wall.

(2) Instruction numbered 6 asked by the plaintiff and refused by the court, was given practically in the granting of instruction numbered 2, as requested by the plaintiff. No foundation was sufficiently laid in the evidence to authorize the court to grant instruction numbered 6.

(3) Instruction numbered 4 given by the court at the request of the defendant was proper, as it was merely a counterpart of instruction numbered 4 requested by the plaintiff and given by the court.

BROADDUS, P. J.—Plaintiffs, as the owners of lots 13, 14, 15, and 16 and the east ten feet of lot 17 in

block 14, in Highley's Addition to the city of St. Joseph, seek to recover damages against the defendant city, alleged to have been caused by the grading by the latter of Highley street, upon which said lots abutted. The trial resulted in a judgment for defendant and the plaintiff sued out this writ of error.

The lots in question have a frontage of 110 feet on Highley street and extend north to an alley and adjoin Sixteenth street. Before the grading, they were about on a level with Highley and Sixteenth streets. They were on low ground or, as some of the witnesses described them, in a hollow. After the grading was completed, it appeared that the west part of the lots at Highley street was four or five feet below grade and at Sixteenth street fifteen feet below grade, and that on an average it would require from seven to eight feet fill to bring the property to a level with Highley street, which would necessarily require a fill of fifteen feet at Sixteenth street. It was shown that the slope of the lots from east to west was about ten feet and that the earth taken from the west end would have been sufficient with small expense to have made them level with the streets before Highley street was graded. There was evidence pro and con as to whether the value of the property had been increased or diminished before the grading of said street.

The plaintiff offered to show that it would be necessary in filling his lots to bring them to a grade with Highley street, to build a wall at Sixteenth street to retain a fifteen-feet fill there. For that purpose, he asked the witness, who was the city engineer, if it was necessary at that point. Whereupon, the court said: "How can a retaining wall be necessary there when your witness, the plaintiff himself, says the fill on the west side there would be about three feet?" The plaintiffs' counsel then said to the court: "I am talking about a retaining wall on Sixteenth where it would have to be filled fifteen feet." The court then said: "You will have your remedy if they undertake to grade Sixteenth street."

The defendant insists that what the court said was not a ruling but a mere colloquy between plaintiffs' counsel and the judge. But we think, however, that it amounted to a denial of plaintiff's right to enquire as to the necessity of building such a wall. It was a total denial of his right to be heard on the question. We do not see how it could have been understood in any other sense. It seems to us that the necessity, under the change of grade, to fill the lots until they should be on the same grade, also created the further necessity of building a wall to retain the fill in place at Sixteenth street, notwithstanding said street had not as yet been graded. It was a part of his damage, of which he was entitled to compensation. [Sec. 21, art. 2, Constitution.]

And if it should appear that the cost of restoring plaintiffs' premises was less than the diminution of its market value, such cost was the proper measure of his damages; and, if the cost of restitution was more than such diminution, the latter is generally the true measure of damages, and evidence of the cost of restitution and diminution in the market value are both admissible on the question of damages to be awarded. [Smith v. Kansas City, 128 Mo. 23.]

Plaintiffs' complaint of the action of the court in refusing other evidence offered by him is not well taken.

The action of the court in refusing to give instruction numbered 6, asked by plaintiff, is assigned as error. As the court excluded all evidence for the necessity and cost of a retaining wall at Sixteenth street, the instruction could have served no purpose whatever in that respect. But, if such evidence had been received, as it should have been, the instruction would have been appropriate. [Smith v. Kansas City, supra.]

We can perceive no valid objection to instruction numbered 4 given on behalf of the defendant.

For the error noted, the cause is reversed and remanded. All concur.