H. W. Werth, Respondent, v. City of Springfield, Appellant.

St. Louis Court of Appeals, April 20, 1886.

1. Municipal Corporations — Streets — Change of Grade — Damages—Burden of Proof.—A power vested in a city council to change the grade of a street must be exercised by the passage of an ordinance therefor; and the burden is on the plaintiff to show this in an action for damages against the city for a change of grade.

2. ―――― Ratification by Ordinance.—A subsequent adoption by ordinance of an illegal change of grade will not avail a plaintiff who began his suit prior to such adoption.

3. ―――― In such an action it is essential to show that the act complained of was the act of the city, and not that of its unauthorized agents, whether it is sought to hold the city liable under the constitution or at common law.

Appeal from the Greene County Circuit Court, W. F. Geiger, Judge.

*Reversed and remanded.*

J. P. McCammon and R. L. Goode, for the appellant: An ordinance was necessary to carry into effect the power to change the grade of a street. *Boon v. City of Utica,* 2 Barb. 104; *Fulton v. City of Lincoln,* 2 N. W. Rep. 724; *Saxton v. Beach et al.,* 50 Mo. 489; *Thomson v. City of Boonville,* 61 Mo. 282; *Irvin v. Devors,* 65 Mo. 625; *Werth v. City of Springfield,* 78 Mo. 107; *Stewart v. City of Clinton,* 79 Mo. 604; *Wittler v. Cavender et al.,* 3 Mo. App. 580; *Perkinson v. City of St. Louis,* 4 Mo. App. 322; *Stifel v. Dougherty,* 6 Mo. App. 441. "Ratification after suit brought will not relate back to sustain an action not authorized when it was commenced, for plaintiff must have had a right of action at the time of the commencement of his action." *Williams v.*

*Insurance Co.*, 18 Eng. Rep. 320, and note; *Gilbert v. Sharp*, 2 Lans. 414; *McCullock v. Colby*, 4 Bosw. 603; 5 Bosw. 477; *Wattson v. Thibou*, 17 Abb. Pr. 184; *Williams v. Hernon*, 16 Abb. Pr. 173; *Moyer v. Scott*, 30 Mich. 348.

FRANCIS H. SHEPPARD, for the respondent: A general ordinance required the street commissioner to obey orders from the street committee, and there is a presumption that a sworn officer performed his duty. Greenl. on Ev., sect. 40, pp. 45–6; *Gray v. Givens*, 26 Mo. 299, 300; *Baker v. Underwood*, 63 Mo. 389. In any case the city ratified and adopted the work. A corporation may ratify the authorized act of its agent, if the act is not *ultra vires*. Br. Leg. Max. (6 Am. Ed.) 833, 837, and especially 841 on p. 646; 1 Dillon Mun. Corp. (2 Ed.) sect. 385, p. 478, and sect. 386 and note 1; *Ruggles v. Washington Co.*, 3 Mo. 496; *Hunt v. Boonville*, 65 Mo. 620; *Dooley v. Kansas City*, 82 Mo. 444. The ordinance of January 12, 1880, relates back to the time the city made the grade and paid for it. *Powers v. Hurmeet*, 51 Mo. 136, 138; *Slagel v. Murdock*, 65 Mo. 522; *Jackson v. Ramsey*, 3 Cow. 57; Bouvier's Law Dict., title *Relation*, and authorities cited. An ordinary action lies for changing a grade, and the constitution is self-enforcing. *Householder v. Kansas City*, 83 Mo. 488.

ROMBAUER, J., delivered the opinion of the court.

This cause was heretofore before the supreme court, and its opinion therein is reported in 78 Mo. 107. Before the last trial in the circuit court, the plaintiff filed an amended petition, the averments of which were substantially as follows:

That Henry Sheppard, in 1867, filed in the office of the recorder of deeds for Greene county, Missouri, a plat of an addition to the defendant city, which dedicated to public use, Walnut street; that the title to lot one of said addition, fronting on said street, on June 12, 1877,

became vested in the plaintiff; that on November 1, 1878, the defendant raised the grade of said street in front of said lot, two feet above said lot, in a negligent and unskilful manner, and such negligence and unskilfulness rendered the plaintiff's access to said lot from said street, and to said street from said lot, very difficult and dangerous, to the plaintiff's damage in the sum of three hundred dollars, for which he asked judgment. In a second statement, or count, the plaintiff, after alleging the platting of said addition, the dedication of said Walnut street, the ownership of lot one of said addition, and the raising by the defendant of the grade of said street in front of said lot, two feet, further alleged that, as a consequence of said raising of said grade, the plaintiff's said lot was lessened in value in the sum of three hundred dollars; that afterward, January 12, 1880, the defendant ratified and finally adopted the grade in front of the plaintiff's lot as the same had been constructed in November, 1878. Wherefore, he prayed judgment for three hundred dollars. The defendant's answer was a general denial. The cause was tried by the court without the intervention of a jury, upon an agreed statement of facts, the trial resulting in a judgment for the plaintiff for three hundred dollars.

The facts agreed upon, as far as they have any bearing on the questions presented by this appeal, are substantially as follows: That on November 1, 1878, the plaintiff owned lot one, of Sheppard's addition to the city of Springfield; that during November, 1878, the street grading was done, of which plaintiff complains; that Dennis McSweeney was street commissioner of the city of Springfield at that time; that it was his duty to superintend the work of grading streets; that he was present at the beginning of the grading complained of, in November, 1878, and was in charge of the hands at work; that the city ordinance in force in November, 1878, required the street commissioner to obey every order in writing addressed to him by the street committee of the council

of the city, and signed by the chairman; that there was a street committee of said council in November, 1878, of which E. A. Roberts was chairman; that said chairman and commissioner were each sworn to obey the laws of Missouri, and the charter and ordinances of the city; that the street in front of said lot was raised about two feet above its former level by the grading complained of; that the city paid for said grading; that it has cost $232.35 to fill said lot with earth, and would require raising four inches all over yet to put it on same relative grade with the street which it occupied before; that said additional filling could have been furnished at twenty-five cents per yard; that an ordinance was passed on January 12, 1880, fixing the grade according to the plat of R. L. Innes, city engineer, filed June 15, 1879; that the grade being established by said ordinance does not lower the grade in front of said lot one, as same was left by Dennis McSweeney in November, 1878; that the defendant has at various times since November, 1878, macadamized said street on said grade. It was further agreed, that if sworn, December 10, 1879, L. E. Johnson, Green Campbell, Jos. H. Robberson, John Beal, Joe Routt, C. B. McAfee, A. C. McGinty, and W. F. Leathers, would have sworn that East Walnut street in the winter of 1878 and 1879 was very wet and muddy, with deep ruts, and that this condition was caused by the way it was worked in 1878, in wrong way, at wrong time of year, and by leaving road level, and with red clay on top. That L. Ellenburg paid $1,500 for the place in June, 1880; that it would have been worth $1,800 if nicely graded up to the street.

The charter of the city of Springfield, which was offered in evidence, contains the following provisions bearing upon the question under consideration:

"The city council shall have power to open, alter, widen, vacate, extend, establish, grade, and pave, the streets and sidewalks within the city." "All official acts of the said city shall be in conformity to ordinances previously and duly enacted, and all ordinances, orders, and

resolutions, before such shall be in force, shall be signed by the mayor, duly published, etc., and no ordinance shall be enforced until so published."

At the close of the evidence, the defendant offered a number of instructions, which were refused by the court. It is not necessary to set these out in detail, as each of them is substantially a demurrer to the evidence. The refusal of these instructions, and the finding of the court against the defendant upon insufficient evidence, are assigned for error.

It will be seen that the sole authority for changing the grade of a street is vested by the charter in the city council, and must be exercised by ordinances duly enacted. It is neither claimed nor shown that the grade of the street, in this instance, was changed by virtue of any ordinance thus enacted. This, of itself, is fatal to the plaintiff's recovery, under authority of *Thompson v. City of Boonville*, 61 Mo. 282; *Rowland v. City of Gallatin*, 75 Mo. 134, and *Stewart v. City of Clinton*, 79 Mo. 603.

It is useless to attempt to bring this case within the rule laid down in *Soulard v. St. Louis* (36 Mo. 546), and *Dooley v. City of Kansas* (82 Mo. 444), and thus distinguish it from some of the cases above cited. It certainly can not be distinguished from itself. When it was last before the supreme court, on substantially the same petition, that court, in disposing of certain questions of pleading, said, the "*defendant can only be held responsible for the acts of its officers, agents, and servants, in changing the grade of the street, when such change has been authorized by ordinance*," and, also, the "*plaintiff would have to introduce in evidence an ordinance authorizing the change of grade, in order to maintain his action against the city*." The declarations, thus made on a former appeal, are the law of this case, and binding upon this court.

That the existence of such an ordinance can not be inferred from a presumption of right acting on part of

the officers of the city, is evident, and has been expressly decided in *Stewart v. City of Clinton, supra.*

The plaintiff claims, that conceding that the act of the officers of the city in changing the grade in 1878, was unauthorized by ordinance, yet, such act was validated and ratified by the ordinance of 1880, which adopted the grade thus established. Granting, for the sake of argument, that this position is legally tenable, and is supported by the facts, how can it aid the plaintiff in the present action, which was instituted March 17, 1879, when the alleged ratification did not take place until January 12, 1880 ? The plaintiff's right of recovery is dependent on the condition of things when the action is brought. *Moyer v. Scott*, 30 Mich. 348; *Bliss v. Cottle*, 32 Barb. 325. As was said by this court in *Tobin v. McCann* (17 Mo. App. 483), "one can not bring another into court, and tax him with costs in defending against a non-existent right, upon the ground that a right may be created pending the procedure."

Nor can there be any difference whether the plaintiff proceeds against the city as upon a liability at common law, or upon a liability of the city under the present constitution. That instrument extends the liability of the city, but does not change the rule of evidence. Whether the plaintiff seeks to hold the city liable at common law, or under the constitution, it is incumbent upon him to show that the act complained of was the act of the city, and not that of its unauthorized officers, for which they alone are responsible. *Hilsdorf v. The City of St. Louis*, 45 Mo. 94.

The judgment is equally unsupportable on the further theory, now urged, that the city became liable to the plaintiff on account of its failure to keep the street in sufficient repair. Neither of the counts charges any liability on that account, and the evidence fails to disclose any special injury to the plaintiff resulting from such want of repair.

The judgment is reversed and the cause remanded.