JOHN GEHLING, Appellant, v. THE CITY OF ST. JOSEPH, Respondent.

Kansas City Court of Appeals, April 25, 1892.

Municipal Corporation: SECOND-CLASS CITIES: CHANGING STREET GRADES. In cities of the second class the grade of streets can only be changed by ordinance passed by the counsel and approved by the mayor; and the city will not be liable for the filling of a street above the grade by persons assuming to act under its authority.

*Appeal from the Buchanan Circuit Court*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Porter & Woodson*, for appellant.

If the paving of Frederick avenue was authorized by ordinance of the city it is liable for damages resulting to plaintiff from the carelessness, negligence or unskilfulness of its agents in performing the work so authorized. Elliott on Roads & Streets, 352; *Wegman v. City of Jefferson*, 61 Mo. 55; 1 Shearman & Redfield on Negligence, sec. 271; *Gibson v. Zimmerman*, 27 Mo. App. 90; 2 Dillon on Municipal Corporations [4 Ed.] secs. 990, 991; *City of Akron v. Chamberlain Co.*, 34 Ohio St. 328; *City of Cincinnati v. Penny*, 21 Ohio St. 499. The petition states a cause of action. "A plaintiff is only bound to allege in his petition what he is bound to prove to make his *prima facie* case." *Crane v. Railroad*, 87 Mo. 588.

*Huston & Parrish*, for respondent.

The city of St. Joseph is a city of the second class. Grades can only be established by ordinance, and grading can only be done by ordinance. R. S. 1889, sec. 1404, p. 406. Unless such change of grade is authorized by ordinance the city is not responsible for either in an action at common law or under the constitution of the state. *Werth v. Springfield*, 22 Mo. App. 12; *Stewart v. City of Clinton*, 79 Mo. 603; *Werth v. Springfield*, 78 Mo. 107; *Thompson v. Boonville*, 61 Mo. 282; *Rowly v. Gallatin*, 75 Mo. 134; *Hilsdorf v. St. Louis*, 45 Mo. 94. The statute under which the case of *Imler v. Springfield*, 30 Mo. App. 669, was decided does not apply to cities of the second class. Unfortunately, cities of the second class are expressly exempted from its operation, and, therefore, comes the avalanche of litigation now upon the defendant. R. S. 1889, sec. 1822; Sess. Acts, 1885, p. 49.

GILL, J.—The substance of plaintiff's petition is that on and prior to March 1, 1887, he owned certain lots and houses on Frederick avenue, St. Joseph; that said houses were built to conform to the established grade of said street; but that at about said date the defendant city "by its careless, negligent and unskilful manner of executing the work of paving said street in front of said lots on said avenue, to-wit, *raised the roadway thereof at said point three feet* and raised the roadway of the same up above the doorway of said houses," etc., thereby rendering said property less valuable and damaging the same to the extent of $2,000, for which plaintiff prayed judgment.

At the trial, defendant's counsel objected to the introduction of any evidence on the ground that the petition failed to state any cause of action. Upon an admission of plaintiff's counsel in open court at the time that there was no ordinance of the city authorizing any change of grade of the street mentioned, the court sustained defendant's objection; and thereupon plaintiff took a nonsuit with leave; and, after an unsuccessful motion to set the same aside, plaintiff has appealed to this court.

St. Joseph is a city of the second class (and it is so alleged in plaintiff's petition), and, by the terms of its charter, the authority to change the grade of its streets rests alone with the mayor and common council. This power, too, can only be exercised by *ordinance* passed by the council and approved by the mayor.

We have here now this plaintiff seeking to hold the defendant city liable for damaging his property by a change of street grade in front thereof, when it is admitted that no ordinance was ever passed providing for any change of grade. The mere statement of the claim carries on its face a denial of any right on the part of the plaintiff to recover. The use of the words

"negligence" and "unskilfulness" in the petition does not change the nature of the complaint. The negligence charged is that of *changing the grade* of the roadway in front of plaintiff's lots. The defendant has not changed the grade. This could only be accomplished by the passage of an ordinance, and it is admitted that there was no such ordinance. If persons assuming to act under authority of the city went upon the street in front of plaintiff's property and constructed an embankment so as to leave the abutting houses below the surface, they, and not the city, are liable. As said in a leading case: "It is undoubtedly true that the defendant can only be held responsible for the acts of its officers, agents or servants in changing the grade of a street, *when such change has been authorized by ordinance.*" *Werth v. Springfield*, 78 Mo. 109; s. c., 22 Mo. App. 12; *Stewart v. City of Clinton*, 79 Mo. 603; *Thompson v. Boonville*, 61 Mo. 282.

The circuit court ruled correctly, and its judgment is affirmed. All concur.

