GEORGE BEATTY, Appellant, v. CITY OF ST. JOSEPH, Respondent.

Kansas City Court of Appeals, March 26, 1894.

**Municipal Corporations:** GRADE OF STREET: LIABILITY FOR. A city of the second class is not liable for a change of grade in its street, unless authorized by an ordinance passed by the council and approved by the mayor.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Sherwood & Allen* for appellants.

Section two of said ordinance provides, "that said alley between the east line of Third street and the west line of Fourth street be graded in accordance with said specifications on file at the office of the city engineer." The specifications are, therefore, a part of the ordinance. *Galbreath v. Newton*, 30 Mo. App. 392; *Gallaher v. Smith*, Mo. Legal News, No. 7, Vol. 3, (date, December 23, 1893,) p. 86; *Becker v. City of Washington*, 94 Mo. 375. It is, therefore, plain that the work done was done under said ordinance, the specifications being a part thereof. Authorities *supra*.

And, also, the city had the authority to invest the city engineer with the authority conferred upon him by the ordinance in question. R. S. 1889, sec. 1288; R. S. 1889, sec. 1255, subdivision 12 thereof. (2) If defendant is not liable for the want of an ordinance, still the court erred in nonsuiting plaintiff, as he was entitled to recover as for a nuisance. *Rude v. City of St. Louis*, 93 Mo. 414; 2 Dillon on Mun. Corp. [4 Ed.], sec. 730; *Edmonston v. Moberly*, 98 Mo. 523; *Givens v. Van Studdiford*, 86 Mo. 158.

*Houston & Parrish* for respondent.

The power of cities of the second class to grade streets must be exercised by ordinance. R. S. 1889, sec. 1255, subdivs. 1, 8, 12; *Werth v. Springfield*, 22 Mo. App. 12; *Werth v. Springfield*, 78 Mo. 107; *Stewart v. Clinton*, 79 Mo. 603; *Thompson v. Boonville*, 61 Mo. 282; *Rowly v. Gallatin*, 75 Mo. 134; *Gehling v. St. Joseph*, 49 Mo. App. 432.

GILL, J.—The plaintiff's complaint is based on the following state of facts: Beatty owned two lots in a block bounded on the east by Fourth street and west by Third street. There is an alley running through the block from west to east, at right angles to Third and Fourth streets. Beatty's lots front on said Fourth street, and lie north of the alley, and about eighty feet from the north line thereof. The defendant's common council, by ordinance, authorized this alley to be graded "from the east line of Third street to the west line of Fourth street," the work to be done acccording to the specifications on file in the office of the city engineer. Under these specifications, the contractor was required, under the direction of the city engineer, to construct approaches, by excavation or embankment, to all intersecting streets, etc. When the work was done, the contractor did not stop at the west line

of Fourth street, but graded the alley across Fourth street, making a deep excavation therein, and then, to conform said street to this excavation, cut away the surface of Fourth street in front of plaintiff's property, and it was this that resulted in the alleged damages to plaintiff's property.

The trial court in effect held that, as the common council did not by ordinance authorize the grading of Fourth street, and in front of plaintiff's property, the city was not liable. The plaintiff brought the case here by appeal.

I. In its ruling the lower court was clearly correct. As we had occasion to state in a similar case, "St. Joseph is a city of the second class, and by the terms of its charter the authority to change the grade of its streets rests alone with the mayor and common council. This power, too, can only be exercised by *ordinance*, passed by the council and approved by the mayor. * * It is undoubtedly true that the defendant can only be held responsible for the acts of its officers, agents or servants in changing the grade of a street *when such change has been authorized by ordinance.*" *Gehling v. St. Joseph*, 49 Mo. App. 430, and cases cited.

Under the ordinance relied upon by plaintiff, neither the city engineer nor the contractor were authorized to disturb the surface of Fourth street, on which the plaintiff's property fronted. The common council directed the alley to be graded no further east than to the west line of Fourth street, making therefrom an approach where the alley touched the west line of said street. But the change of surface in front of plaintiff's lots was brought about by the unauthorized grading of the alley across Fourth street, and for this the city was not responsible.

The judgment of the circuit court will be affirmed. All concur.