Rives v. City of Columbia.

---

GILLIE S. RIVES et vir, Respondents, v. CITY OF COLUMBIA et al., Appellants.

Kansas City Court of Appeals, April 24, 1899.

1. **Municipal Corporations:** STREET GRADING: ORDINANCE: DAMAGES. Where a street is graded without an ordinance the city is not liable for damages, but if there is a valid ordinance and the grading is done without taking measures to ascertain and pay the damages, the city will be liable.

2. ———: ———: ———: LIABILITY OF CITY OFFICERS: PLEADING. The fact that a valid ordinance makes a city liable for a street grading will not exculpate the city officers who participated in the work, since they are cotrespassers, and a petition stating there was an ordinance will not excuse the city officers from damages.

3. **Trial Practice:** RIGHT TO SPECIAL JURY: WAIVER. A party on proper application is entitled to a special jury, but where the application is made on time but the party fails to have the motion considered until the case is called for trial, he waives his right.

4. **Municipal Corporations:** STREET GRADING: EVIDENCE: DAMAGES: INSTRUCTIONS. As to damages to abutting property for grading a street, the evidence related to the difference in value immediately before and after the work was done which was the true measure, and the instructions of both parties contained the same fault in this regard and appellant can not complain.

5. ———: ———: MEASURE OF DAMAGES: SPECIAL BENEFIT: INSTRUC-
TION. An instruction properly told the jury that in assessing plain-
tiffs' damage for injury to their property by grading a street they
should deduct the benefit to said property by reason of its elevation
and drainage resulting from the grading, although other lots along the
street received a like benefit, since a benefit may be special to
several without being common to all.

### *Appeal from the Boone Circuit Court.*—HON. J. A. HOCKADAY, Judge.

REVERSED AND REMANDED.

WEBSTER GORDON and TURNER & HINTON for appellants.

(1)   The petition fails to state facts sufficient to consti-
tute a cause of action against the individual defendants; or
rather its allegations show that the plaintiffs had no cause of
action against these defendants.   The liability of a city to
abutting property owners for damages occasioned by changing
the natural surface of a street to an established grade rests,
not upon any common law principle, but solely upon the pro-
visions of the constitution of 1875.   Prior to that time the
city might change the natural surface of a street whenever it
saw fit, without incurring the slightest liability to property
owners.   Davis v. Railway, 119 Mo. 185; Van De Vere v.
Kansas City, 107 Mo. 83.   When the city properly authorizes
the work, its servants are not trespassers, because the city has
the right to grade the street, and if damage to private property
results, the owner must look to it for compensation.   This
proposition was conceded *arguendo* by this court in Jacobs v.
The City (not yet reported), where it was said in reference
to the liability of individuals who were not authorized by ordi-
nance to do the work, "The illegality of the work comes
from the absence of an ordinance to that effect."   (2)   The
defendants' motion for a special jury having been filed more
than three days before the day on which this cause was set for
trial, the court erred in overruling it.   R. S. 1889, sec, 6089;

State v. Leabo, 89 Mo. 247; State ex rel. v. Withrow, 133 Mo. 500, 514. (3) In cases of this character the measure of damages is the difference in market value immediately before and immediately after the grading. Dale v. St. Joseph, 59 Mo. App. 566, and cases cited. (4) The court erred in refusing the defendants' sixth instruction defining special benefits. If the better drainage and increased elevation resulting from the grading was a pecuniary benefit to the plaintiffs' property, such benefit could not be excluded as general, merely because any number of other pieces of property were similarly affected. Railway v. Fowler, 142 Mo. 670, 683, and cases there cited. The point we desire to make is this, that any direct benefit to abutting property resulting from the change of grade is special, and that it is wholly immaterial that other property receives similar direct benefits.

ODON GUITAR and W. H. TRUITT, JR., for respondents.

(1) The petition alleges specifically that the defendants "did aid and cooperate officially and personally in the cutting down and lowering" the grade of Hitt street, of which plaintiffs complain, from which the damage alleged resulted. This court has directly passed upon the points suggested in the case of Jacobs v. Columbia, decided at its November term, 1898. (2) The action of the trial judge was proper and right and strictly within the pale of the law refusing the special venire. (3) Appellants admit "that if the city was not liable on account of the want of formal ordinances ordering the work," "then the men who caused the grading to be done became personally responsible for the damages resulting therefrom." (4) We concede that the measure of damages in this case is the difference in the market value of the property immediately before, and immediately after the grading; in other words, the amount of damage done the property by the grading. (5) Plaintiffs' sixth instruction was properly refused. As defined in that instruction there could be no such thing as "general

benefits." Defendants' fifth instruction and plaintiffs' third instruction declared the law fully and clearly on the questions of "general and special benefits."

ELLISON, J.—This action is for damage to plaintiffs' property resulting from grading a street on which it abutted. The suit was brought against the defendant city and the individual defendants as mayor, street committee and street commissioner, who are charged to have aided in the work by participating and directing therein. The judgment in the trial court was for defendant city but against the individual defendants who appeal here for relief. The ground of the complaint is trespass, in that the city proceeded to excavate in front of plaintiff's property without first ascertaining and paying the damages which would result from such work, which is charged to be a prerequisite to the right of the city to interfere with the property. And that defendants, by participating in and directing the work became co-trespassers.

It appeared on the trial that there was no ordinance (although the petition stated there was) authorizing the grading, and the city was therefore properly held not liable. Werth v. Springfield, 22 Mo. App. 12. But if there had been a valid ordinance directing the grading without first having taken measures to ascertain and pay the damage, the city would have been liable. Soulard v. St. Louis, 36 Mo. 546; Dooley v. Kansas City, 82 Mo. 444. In Werth v. Springfield, *supra,* and cases cited, there was no action taken of binding force on the city. But in the Soulard and Dooley cases the city acted in a manner binding upon it for the consequences of the trespass.

*Municipal corporations: street grading: ordinance: damages.*

In this case the petition, as just stated, alleges that there was an ordinance authorizing the performance of the work, and from this the individual defendants contend that no cause of action is stated against them. The idea urged is that since an ordinance

*liability of officers: pleading.*

directing the work would render the city liable, the de-
fendants can not be.    This does not follow.    A city
may, by ordinance, direct a street to be graded.    If it proceeds
with the work and damages property without first taking
steps to ascertain and pay such damage, it is a trespasser and
those actively participating in the work by directing it are
co-trespassers.    The fact that the city became bound for the
consequences of the wrong will not exculpate other partici-
pants.    We rule therefore that the petition in stating the work
was done in pursuance of an ordinance did not thereby fail to
state a cause of action against the individual defendants.

Defendants asked a special jury by motion filed three
days before the cause was set for trial.    R. S. 1889, sec. 6089.

TRIAL practice: right to special jury: waiver.

They were entitled to this; but it seems by their
own action justified the court in refusing it.
The statute requires the motion to be filed three
days before the case is set.    This is for the pur-
pose of giving time to summon the jury and that those sum-
moned may have proper time and notice of the service re-
quired of them.    The statute contemplates that the motion
made for a special venire will be acted upon immediately, or
at least in ample time that a proper jury may be had in court
on the day of trial.    Otherwise there would be annoying and
costly delays.    In this case the trial court offered to sustain
the motion and order the special jury on the day preceding the
trial, but defendants refused to have the motion considered
although advised by the court that it would be too late after
the case should be called.    When the case was called, defend-
ants then asked that the motion be sustained and a special jury
ordered.    The court very properly overruled the motion.

The objection is made that there was not sufficient evi-
dence to support the verdict against defendants.    A perusal
of the record has satisfied us that the objection is not well
taken.

Further objection is taken that there was improper evidence admitted as to the measure of damages in that witnesses were not confined to the difference in value of the property before and just after the work was done.    There were some statements from witnesses, drawn out principally by defendants, as to how they made their estimate of damages which would show that they were not confining themselves to the time at which the estimate should be made.    But the evidence sought by the plaintiffs and mainly given at the trial was as to the difference in value immediately before and after the work was done.  This was the true measure and though the attention of the jury was only directed in general terms by plaintiffs' instructions to the difference in market value, yet defendants' instructions contain the same fault and they can not complain.

*Municipal corporations: street grading: evidence: damages: instructions.*

The point made that evidence had been admitted as to destruction of sidewalk and fence need not be passed upon, since it was withdrawn from the consideration of the jury.

The usual instructions were given as to the general benefits which should not be allowed to reduce plaintiffs' damages and the special benefits which should be deducted from such damage.    But the defendants asked and the court refused to give an instruction to the effect that if the grading gave to plaintiffs' property better elevation and better drainage, then such benefit was special and should be deducted from the damage notwithstanding the remaining property affected on such street and belonging to different owners received a like benefit.    Ever since the cases of Newby v. Platte Co., 25 Mo. 258; Louisiana v. Pickett, 25 Mo. 535; and Railway v. Chrystal, 25 Mo. 544, it has been the rule in this state that the benefit to property which was common to all other property in the vicinity or neighborhood generally was a general benefit and could not be deducted from the damage done to the property affected; but that any ben-

*measure of damages: special benefit: instructions.*

efit which was peculiar to the property itself and not enjoyed by other property in the vicinity was special and should be deducted from the damage to be assessed. The instruction offered by defendants asked to have the benefit of elevation and drainage to plaintiffs' lot deducted from the damages as a special benefit although the other lots along the street which were graded received a like benefit. We are of the opinion the instruction should have been given. Railway v. Fowler, 142 Mo. 670. The excavation made in grading the street did not elevate and drain the property generally in the city of Columbia or in the neighborhood of this street. Elevation and drainage was a special advantageous effect resulting to the property along the line of the street, and although it may have been a common advantage to each lot on the street, it was nevertheless a special advantage to each lot, which was not enjoyed by the property generally in the neighborhood of the street. A special benefit does not necessarily mean such benefit as is enjoyed by one piece of property. Many pieces, belonging to different owners, may be similarly situated with reference to an improvement and yet fall far short of being all the property in the vicinity. Whenever a benefit is common to all in in a vicinity, it is special to none; and it does not follow that a benefit may not be special to several without being common to all. The fact that all the property taken or injured in any given improvement receives a certain benefit does not make it a general benefit unless it is received by other property generally in that vicinity. With the exception of the refusal of the instruction on this subject the case was in all particulars properly tried. In many respects it is similar to Jacobs v. Columbia, decided last term. Before another trial it would perhaps be well to amend the petition so as not to allege that the work was done under a proper ordinance. The instructions of each party should also fix the time for finding the difference in value at, just before, and just after the grading. The judgment is reversed and cause remanded. All concur.