ADOLPH STUEBNER, Appellant, v. THE CITY OF ST. JOSEPH, Respondent.

81 273
85 205

Kansas City Court of Appeals, October 30, 1899.

1. **Municipal Corporations:** SECOND CLASS CITY: LIABILITY FOR CHANGE OF GRADE: ORDINANCES. A second class city is not liable for a change of grade of a street unless authorized by ordinance passed in due form.

2. ———: ———: ———: ———: EVIDENCE. Where the city engineer and contractor construct a fill authorized by ordinance with earth borrowed in front of plaintiff's property beyond the limits designated by such ordinance, they are mere trespassers and the city is not liable and said ordinance is inadmissible in evidence in an action against the city.

Appeal from the Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

*Chas. M. Street* for appellant.

(1) The trial court erred in excluding the ordinance, contract, and the offer of oral testimony made by plaintiffs, and in compelling plaintiffs to take an involuntary nonsuit. The trial court, in its rulings, applied to the facts in this case the case of Beatty v. St. Joseph, 57 Mo. App. 251, and in so doing erred. (2) The city engineer under the power conferred upon him by the charter of the city and the ordinance offered in evidence, made the contract offered in evidence which expressly authorized the contractor to make the excavation complained of under the direction of the city engineer. R. S. Mo. 1899, sec. 1288. He is a charter officer. Every presumption must be indulged that his acts were proper and necessary. Steffen v. St. Louis, 135 Mo. 51. (3) It is no longer the law (as it was when Beatty v. St. Joseph and the

VOL. 81 app—18

cases therein cited arose) that a city of the second class is responsible for grading done by the city authorities only when it is authorized by ordinance. At the time these cases originated section 1821 R. S. Mo. 1889 (Laws 1885 amended) did not apply to cities of the second class. R. S. 1889, sec, 1882. The latter section provides that section 1821 shall not apply to cities of the second class. But section 1822 was repealed in 1893. Session Laws Mo. 1893, p. 62. And ever since section 1822 was repealed cities of the second class have been liable for damages resulting from the grading of any street or alley by "the city authorities." R. S., sec. 1821; Hawks v. Charlemont, 107 Mass. 417.

*R. E. Culver* for respondent.

(1) The ordinance and contract in evidence provide for grading, or, in the language of the ordinance, "making passable" Locust street from the alley between Fifteenth and Sixteenth streets east to Sixteenth street. It confers no authority whatever on the contractor, city engineer, or any other person to do anything else. The grading done adjacent to appellant's property was done without any authority, because entirely without and beyond the prescribed limits of said improvement. The parties doing such work were mere trespassers, for which they are liable, but the city is in no way responsible therefor. Beatty v. St. Joseph, 57 Mo. App. 251; Gehling v. St. Joseph, 49 Mo. App. 430; Thomson v. Boonville, 61 Mo. 282; Werth v. Springfield, 78 Mo. 109; Stewart v. Clinton, 79 Mo. 603; Nevada v. Eddy, 123 Mo. 546; Vaile v. Independence, 116 Mo. 333. (2) The repeal of section 1822, Revised Statutes 1889 (Laws Mo. 1893, p. 62) has no bearing whatever on this case.

GILL, J.—Plaintiff sued the City of St. Joseph for alleged damages done by reducing the surface of Locust street in front of his real estate. At the trial of the case the court

excluded the ordinance and contract offered in evidence by the plaintiff, on the ground that they did not authorize the excavation of the street at the point complained of, and that therefore the city was not liable for said change of grade. Plaintiff thereupon took a nonsuit with leave; the court refused to set the same aside on plaintiff's motion, and he then brought the case here by appeal.

The excluded ordinance was entitled: "An ordinance ordering Locust street made passable from alley between Fifteenth and Sixteenth streets and appropriating money therefor." And its entire context was as follows:

"Be it ordained by the Common Council of the city of St. Joseph as follows:

"Sec. 1. That the sum of three hundred and fifty dollars ($350) be and is hereby appropriated out of the street, sewer and bridge department of the general fund, to make Locust street passable from alley between Fifteenth and Sixteenth streets east to said Sixteenth street, said work to be done under the direction of the city engineer.

"Approved June 15th, 1898.

"Attest: P. J. Kirchner, Mayor.

"Charles S. Shepherd, City Clerk."

Following this, the city engineer let a contract to one Morley by which said contractor undertook to grade Locust street from the alley between Fifteenth and Sixteenth streets to Sixteenth street according to certain specifications on file in the engineer's office, wherein it was provided: "In case the quantity of earth required to make the embankments on this work shall exceed the amount obtainable from the excavations or slides thereon, the deficiency shall be borrowed, as far as practicable, from other streets or alleys, as may be directed by the engineer, and the excavations on such other streets and alleys shall be made in the same manner as herein provided for excavations on this work.

"In case it is not available or practicable, in the opinion

of the city engineer, to borrow such deficiency of material from streets or alleys within proper distance of this work, the contractor shall obtain and furnish all such material at his own cost and from such other places as he may elect."

It seems that the contractor, acting under directions from the city engineer (at least so the plaintiff offered to show) went to the front of plaintiff's property, which was located *beyond and outside* of that portion of the street authorized to be improved, and cut away the surface thereof to the extent of eight or ten feet and took this dirt to fill and improve that portion of Locust street covered by the ordinance.

The question is, whether the above named ordinance, contract, etc., tended to make a case against the defendant city. We think not, and hold that the trial court correctly excluded the evidence. The two cases, Gehling v. St. Joseph, 49 Mo. App. 430, and Beatty v. St. Joseph, 57 Mo. App. 251, are decisive of the question and fully sustain the ruling of the lower court. We there held that in cities of the second class (to which St. Joseph belongs) the grade of streets can only be changed by ordinance passed by the counsel and approved by the mayor; and that the city will not be liable for such changes when accomplished by the unauthorized acts of others. The city will not be held to have made any such change except an ordinance be adopted directing it to be done. Anything therefore of this nature which may. be done by a contractor or other person—even though it be supervised and directed by the city engineer— will not bind the municipality. In such cases the unauthorized engineer and contractor are trespassers and are alone responsible for damages thus inflicted.

The power to change the grade of a street is reposed by charter in the city council and mayor acting by ordinance. nor can this power be delegated to any third party or other officer of the city, and any attempt by the city council to

transfer this power to another is null and void. In so far then in this case as the contractor went towards the grading of Locust street from the alley between Fifteenth and Sixteenth streets to Sixteenth street—if a fill or a cut was there made— then the city must be deemed to have authorized the work and can be held responsible for damages thus inflicted. The city will not be held for the work of said contractor—for changes of grade by cutting or filling—when done beyond the limits marked by the ordinance, as was the case here. The city did not by ordinance authorize the cut in front of plaintiff's property and it can not therefore be held responsible.

We fail to see wherein the law above declared has in any way been changed or affected by the legislation referred to in plaintiff's brief. The "city authorities" empowered to change the grade of streets are the legislative authorities—in this instance the common council acting with the mayor by ordinance.

Judgment affirmed. All concur.