MARTHA. A. GRADEN, Appellant, v. CITY OF PARKVILLE et al., Respondents.

Kansas City Court of Appeals, November 6, 1905.

1. FOURTH-CLASS CITIES: Grading and Macadamizing: Ordinances: Injunction. The grading and macadamizing a street without an ordinance providing therefor is unlawful, but when the work is completed it cannot be affected by injunction.

2. ———: Material in Street: Repairing. A city may take stone from a ledge in its street for the purpose of repairing the street, but such right gives the street commissioner no authority to injure the abutting property without proper prior compensation; and where such officer proceeds without an ordinance of the city, the property-owner has redress against him only.

3. ———: Changing Grade: Damages: Injunction: Constitution. Injunction will not restrain an ordinary trespass where a recovery of damages will be adequate redress; but where the acts are ruinous to the property or impair its just enjoyment and are violative of the constitutional rights, it is a proper remedy.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes,*
Judge.

REVERSED AND REMANDED (*with directions*).

*George W. Day* and *A. D. Gresham* for appellant.

(1)    The organic law of cities of the fourth class
is found in article 5, chapter 91, of the Revised Statutes,
and it is therein provided that every act of the city,
which involves the expenditure of money, or the im-
provement of streets, must be evidenced by an ordi-
nance.    The forms to be observed in the enactment of
such ordinance is prescribed by the Legislature.    R. S.
1899, sec. 5954, 5955, 5956, 5979, 5989; Crutchfield v.
Warrensburg, 30 Mo. App. 456.    (2)    Therefore, when
the defendant city undertook, without the passage of an
ordinance therefor, to open a quarry on land, the fee
of which was in plaintiff, and use the stone taken there-
from in building a macadamized street at another place,
which should have been paid for by the persons benefited,
it was undertaking to do an illegal act, without making
itself in any way responsible for its act; and plaintiff's
remedy was by injunction.    Thompson v. Boonville, 61
Mo. 282; Mathews v. Alexander, 68 Mo. 115; Louisana
v. Miller, 66 Mo. 467; Werth v. Springfield, 78 Mo. 110;
Maudlin v. Trenton, 67 Mo. App. 452-456; Rives v. Co-
lumbia, 80 Mo. App. 173; Hall v. Trenton, 86 Mo. App.
326; Kroffe v. Springfield, 86 Mo. App. 530; Koeppen v.
Sedalia, 89 Mo. App. 648; Clay v. Mexico, 92 Mo. App.
611-619; Unionville v. Martin, 95 Mo. App. 28; Gardner
v. St. Joseph, 96 Mo. App. 657; Reed v. Mexico, 101 Mo.
App. 155-161; Iron Co. v. St. Louis, 138 Mo. 617.    (3)
If, on the other hand, the macadamizing was such as
could be done without an ordinance authorizing it, de-
fendants' case is not helped; because, in such case, it
was the duty of the street commissioner or other proper
officer or committee on improvement to report the cost

of the same "to the board of aldermen who shall assess the same against the abutting property;" which is equivalent to saying that stone used in such work is not devoted to a public use. R. S. 1899, sec. 5989. (4) The provisions of the city's resolutions were probably sufficient to protect the street commissioner, but fell short of fixing liability on the city for acts performed pursuant thereto. Cook v. Hecht, 64 Mo. App. 273. ' (5) A city is liable to an abutting property-owner, for any change of the grade of a street which diverts the current of travel, though the change does not extend to the whole roadway. Stickford v. St. Louis, 7 Mo. App. 217; Same case affirmed, 75 Mo. 309.

*James Brown* and *Anderson & Carmick* for respondents.

(1) A grade of a street is not established and cannot be until an ordinance is passed establishing it. Gehler v. St. Joseph, 49 Mo. App. 430; Beatty v. St. Joseph, 57 Mo. App. 251. (2) When there is no ordinance providing for grading and excavating streets, persons so doing are liable in damage but not the city. Werth v. Springfield, 22 Mo. App. 12. (3) Earth removed from in front of abutting property in grading a public highway may be used at other points in the repair or construction of the highway but cannot be used for private purposes. Grover v. Carnet, 135 Mo. 21; Wash. on Easements (3 Ed.), 228; Pitt v. Daniel, 82 Mo. App. 173; Pemberton v. Dooley, 43 Mo. App. 176. (4) After streets are brought to grade then the repairing of same shall be paid for by the abutting property-owners. R. S. 1899, sec. 5982. But the costs of bringing all streets and highways to grade shall be paid out of the general revenue fund of the city. R. S. 1899, sec. 5980. (5) A street commissioner is a public officer and vested with discretionary powers and is not liable individually unless he

114 app—34

acts willfully maliciously or oppressively.    Not liable
so long as he does his duty in good faith.  Cook v. Hecht,
64 Mo. App. 279; Asbury v. Hicklin, 181 Mo. 670.    (6)
A bill for an injunction to restrain public nuisances,
obstructions of highways and other public wrongs, can-
not be maintained by a citizen on the ground that his
interests and rights, as a member of the State will be
interfered with, when the injuries which he apprehends
are of the same kind as those which will be sustained
by the people at large.  Givens v. McIlroy, 79 Mo. App.
671; Fugate v. McManama, 50 Mo. App. 40.  Before the
equity power can be successfully invoked there should
be a strong and mischievous case of pressing necessity.
Dichaus v. Olderheide, 22 Mo. App. 76; Tanner v. Wall-
brunn, 77 Mo. App. 262.

BROADDUS, P. J.—The plaintiff is the owner, in
the defendant city, upon which she with her family has
been residing for more than fifteen years, of certain real
estate fronting on Eighth and Main streets.  Main street
runs from near the Missouri river laterally upon a hill,
upon which the town is located.  Eighth street runs east
and west and against the hill.  About the time plaintiff
became the owner of said property, the said Main street
in front of plaintiff's property was graded so as to leave
two roadways, one known as the upper and the other
the lower roadway, the latter being about ten feet lower
than the former.  The principal travel was on the upper
way, the surface of which was a ledge of stone.  Prior
to this controversy, the city by ordinance provided for
the laying of a sidewalk on Main street from the river
to and beyond its intersection with Eighth street; and,
in so doing, had made a cut across the latter street,
which left both streets at that point a short distance
above the sidewalk as laid.

On July 6, 1904, the board of aldermen of defend-
ant city, by resolution, ordered the street commissioner,
the defendant Breen, "to put Main street from First to

Third street in good condition and repair and macadamize, and properly shape up the street its entire width from First to Third street, and to grade and complete said street for a width of forty feet between Second and Third streets,'' etc.  On September 13, 1904, the aldermen passed the following resolution:  "On motion of Alderman Jackson, the street commissioner was authorized to take rock needed for the improvement of Main street between First and Third streets, out of Eighth west of Main, and out of Main street in the vicinity of Eighth, said street to be properly filled and graded after said rock has been taken out."

After the passage of said resolutions, the defendant Breen, as street commissioner, caused to be quarried and taken large quantities of stone from the streets, upon which plaintiff's property abutted, which was crushed and spread upon Main street between First and Third streets; and was, at the institution of these proceedings, threatening to continue the quarrying and taking of said stone.  The quarrying and removal of the stone in question had the effect of leaving plaintiff's lot several feet above the grade that had existed prior thereto, and thereby rendered access to her premises much more difficult; and also to deprive her lot of the lateral support of the stone ledge.  There was no ordinance of the city providing for the grading and laying of macadam on Main street from First to Third street, and no provision for letting the work to be done by contract, or for paying for such improvements.  The whole matter of carrying out the object of the resolutions was left to the judgment and discretion of the street commissioner.  The plaintiff sued out a temporary injunction, upon the final hearing of which the court dismissed the proceedings and plaintiff appealed.

The grading and macadamizing of Main street was without authority of law, not having been provided for by ordinance.  [Sections 5954, 5955, Revised Statutes 1899.]  But, as those improvements have been made and

paid for, they are not material matters in the case, as they cannot be affected by injunction, the province of which, usually, is to restrain that which is wrongfully being done.

The city had the right to take the stone from the ledge in the street in front of plaintiff's premises, for the purpose of repairing other portions of the street. [Grover v. Cornet, 135 Mo. 21.] But such right gave no authority to the street commissioner to do so, to the injury of the plaintiff, the abutting property-owner, without first compensating her for any damage she might sustain by reason thereof. The language of the resolution contemplated the grading of said portion of Main and Eighth streets, and the work done was in the nature of grading. Section 5979, Revised Statutes, governing cities of the fourth class, the defendant city being of that class, provides that such improvements shall be made in pursuance of ordinance; consequently, the street commissioner in grading the street in front of plaintiff's property was without legal authority. As the grading had the effect of damaging her property, she was entitled to compensation for her damages, to be ascertained by a jury or a board of commissioners. [Mo. Constitution, sec. 21, article 2, p. 68.] And she was entitled to have such compensation adjudged to her before the beginning of the improvement. But this right was now denied her and she was left without redress save as against the street commissioner, the city having incurred no liability. [Werth v. Springfield, 22 Mo. App. 12; s. c., 78 Mo. 107; Stewart v. Clinton, 79 Mo. 603; Gehling v. St. Joseph, 49 Mo. App. 430; Rives v. Columbia, 80 Mo. App. 173; Hall v. Trenton, 86 Mo. App. 329.] But it is insisted that, as the defendant street commissioner is solvent and liable for the injury done, the plaintiff has an adequate legal remedy against him for her damages.

The law is that injunction will not lie to restrain an ordinary trespass, where injury resulting from it

would not be irreparable, and where an adequate remedy may be had in a recovery of damages against a solvent party, but it will lie where acts done or threatened are ruinous to the property trespassed upon, or of a character to impair its just enjoyment in the future. [Echelkamp v. Schrader, 45 Mo. 505; Weigel v. Walsh, 45 Mo. 560.] Besides, as the constitution provides in such cases for an ascertainment of compensation before property is taken or damaged, an action for trespass would not be an adequate remedy after the wrong had been suffered. The action of the defendants was the violation of a constitutional guaranty, and a persistence in the wrongdoing calls for the interposition of a court of equity to protect plaintiff from violation of such right.

Many questions are raised, all of which are subservient to the question decided. The cause is reversed and remanded with directions that the judgment of the court be set aside and that a decree be entered restraining defendants from further continuance of the grading at Eighth and Main streets until the defendant city proceeds, under the law regulating the grading of streets and the ascertainment of compensation to plaintiff for the injury to her property. All concur.