STEWART H. CALVERT, Respondent, v. CITY OF
ST. JOSEPH, Appellant.

Kansas City Court of Appeals, May 7, 1906.

1. **MUNICIPAL CORPORATIONS: Ordinance: Action: Evidence.**
An action for damages to plaintiff's lot by trespass of a con-
tractor in grading down a portion of the lot into the street was
based upon a certain ordinance authorizing the contract with
the contractor. At the trial the plaintiff offered another ordi-
nance relating to the grading of the street which showed that
grading complained of, was outside the street limits. *Held*, the
ordinance was incompetent.

2. ———: **Grading: Trespass of Contractor: Action.** A city of
second class is not liable for the unauthorized act of its con-
tractor in grading its streets.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A.
Mosman*, Judge.

REVERSED (*with directions*).

*William B. Norris* and *Edwin M. Spencer* for appel-
lant.

(1) St. Joseph is a city of the second class and the
grading of a street can only be done by ordinance, unless
change of grade is authorized by ordinance, the city is
not responsible for damages in an action at common
law, or under the constitution. Gehling v. St. Joseph,
49 Mo. App. 430; Beattie v. St. Joseph, 57 Mo. App. 251;
Reeves v. Columbia, 80 Mo. App. 173; Nevada to the use
of Gilfillan v. Eddy, 123 Mo. 546; Graden v. Parkville, 90
S. W. 115, 114 Mo. App. 527. (2) Roth, the contractor, in
the case at bar, was a trespasser as under the ordinance,
he could only grade Dewey avenue within the limits de-
signated by the ordinance, and was not authorized by the
terms of the ordinance to enter upon private property.
Stuebner v. St. Joseph, 81 Mo. App. 273; Unionville v.
Martin, 95 Mo. App. 28.

*Grant S. Watkins* for respondent.

(1) This case involves the following principle that a city acting under authority conferred by Legislature to improve streets if the city does not keep within the limits of the street and trespasses and invade private property, are answerable to the owners for damages to said premises. The facts in this case bring this case under section 21, article 2 of the Constitution of the State of Missouri. (2) Plaintiff has a good cause of action for the reason that this was a taking of private property for public use without just compensation, and was a violation of section 21, article 2, of the Constitution of the State of Missouri. 2 Dillon, Municipal Cor., sec. 990; Bayne v. Railway, 112 Mo. 18; Broadwell v. Kansas City, 75 Mo. 213; Myers v. St. Louis, 82 Mo. 375; Tegeler v. Kansas City, 95 Mo. App. 162.

BROADDUS, P. J.—The plaintiff's suit is for the purpose of recovering damages against the city of St. Joseph for injuries to his property, the alleged result of subgrading and paving Dewey avenue. It is alleged in plaintiff's petition that he was the owner of a certain lot fronting on Dewey avenue; that in pursuance of an ordinance of the city passed in October, 1902, the city contracted with one Fred Roth for the subgrading and paving of Dewey avenue; and that the defendant failed to grade and pave said avenue in front of plaintiff's property, "but instead thereof, graded and paved a portion of said street and took and converted to the use of said city, as a part of said street, four feet off of the front of plaintiff's lot, thereby unlawfully taking and converting four feet off the front of plaintiff's lot and destroying the front yard of plaintiff's property."

The ordinance in question provided for the grading and paving of the street in accordance with certain specifications, which were embodied in defendant's contract with said Roth. There is nothing in the ordinance, or

contract and specifications authorizing the contractor
Roth to take any part of plaintiff's lot. During the
progress of the trial, plaintiff offered to prove that the
street was graded under a former ordinance of the city,
and as so graded at that time according to the original
plat and survey of the city, the grading in question was
outside of the limits of the street and four and one-half
feet on his lot. On objection of the defendant, the offer
was refused and plaintiff took a nonsuit. The court,
upon motion, set aside the nonsuit on the theory that
the rejection of said offer was error. From the action
of the court in setting aside the nonsuit defendant ap-
pealed.

The contention of the defendant is that, in cities of
the second class, the defendant city being of that class,
the city was not liable for the unauthorized acts of Roth,
the contractor, who did the grading of the street in ques-
tion. We accede to the position contended for by the de-
fendant. The ordinance, under which the work was
done, did not authorize the contractor to go outside of
the limits of the street in question, and any act of such
contractor outside of the authority contained in the ordi-
nance did not bind the city, nor render it liable in dam-
ages occasioned thereby. On this question, the authori-
ties are all one way in this State. "In cities of the
second class the grade of streets can only be changed by
ordinance passed by the council and approved by the
mayor; and the city will not be liable for the filling of
a street above the grade by persons assuming to act
under its authority." [Gehling v. St. Joseph, 49 Mo.
App. 430; Beatty v. St. Joseph, 57 Mo. App. 251; Rives
v. Columbia, 80 Mo. App. 173; City to use, etc., v. Eddy,
123 Mo. 546; Graden v. Parkville, 90 S. W. 115, 114 Mo.
App. 527.] "Where the city engineer and contractor
construct a fill authorized by ordinance with earth bor-
rowed in front of plaintiff's property beyond the limits
designated by such ordinance they are trespassers and

the city is not liable and said ordinance is inadmissible in evidence in an action against the city." [Stuebner v. St. Joseph, 81 Mo. App. 273.] A similar rule is found in City v. Martin, 95 Mo. App. 28.

The plaintiff relies on a number of cases similar in principle to that found in Broadwell v. City of Kansas, 75 Mo. 213, wherein the court holds: "If earth used in grading a street under a contract with the city be permitted to roll down upon the premises of an adjoining proprietor, to his damage, the city will be liable." But it will be seen that the injury in that case was the legitimate result of filling the street in pursuance of a valid contract. Under the ordinance pleaded, the plaintiff was not entitled to recover and the evidence offered, had it been pertinent, could not have strengthened plaintiff's case.

It necessarily follows that the action of the court in setting aside the nonsuit was error, for which reason the cause is reversed with directions that the action of the court in that respect be set aside and judgment of nonsuit be restored. All concur.