## ELIZA A. HEIDORN, Appellant, v. CITY OF KIRKWOOD et al., Respondents.

**St. Louis Court of Appeals, December 14, 1912.**

1. **APPELLATE PRACTICE: Construction of Pleading: Binding Effect of Party's Own Construction.** Although a petition contains statements of legal conclusions to the contrary, it will be held, as against plaintiff, to count on a theory in consonance with concessions made in his argument in the appellate court.

2. **MUNICIPAL CORPORATIONS: Change of Grade of Sidewalk: Right of Action for Damages.** The mere passage of an ordinance changing the grade of a sidewalk does not give an abutting property owner a cause of action for damages against the city or its officers.

3. ———: ———: ———. A change of grade of a sidewalk, made by a city or its officers without first compensating the abutting property owner for the damages caused thereby, is a trespass.

4. ———: ———: Mere Threat to Change Grade: Remedies of Property Owner. A mere threat by city officials to change the grade of a sidewalk without first compensating the abutting property owner for the damages caused thereby is not an actionable private wrong, but the remedy of the property owner is to prevent the threatened trespass by injunction, or to await its consummation and sue for damages; and he cannot piece out the non-actionable threat and make it actionable by effecting the change of grade himself

5. ———: ———: ———: Change of Grade Effected by Property Owner: Duress. A property owner who changed the sidewalk grade in front of his property and constructed a sidewalk thereon, conformably to an ordinance establishing such grade and calling upon him to build a sidewalk in accordance therewith, could not recover against the city or its officers for damages to his property caused by the change of grade, although the city officials threatened to build the sidewalk at his expense, if he did not build it, inasmuch as it is necessary, to entitle one to recover for having injured himself by reason of a threatened injury to his property, that he shall have done the injury in an endeavor or with a purpose to escape from or prevent the thing threatened, and in this case, the property owner, instead of trying to escape from or prevent the threatened thing, did the thing himself; and he was not entitled to recover on the theory that he was compelled by duress to do the work

which damaged his property, because another ordinance made it a misdemeanor to construct a sidewalk upon any other than an established grade, since that ordinance did not penalize a refusal to construct a sidewalk or change the grade.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

AFFIRMED.

*Davis Biggs* for appellant.

(1) A city is liable under the Constitution 1875, art. 2, sec. 21, to abutting property owners for a material change of grade for the first time from the natural surface. Sec. 9553, R. S. 1909; Davis v. Railroad, 119 Mo. 180; Smith v. St. Joe, 122 Mo. 643; Hickman v. Kansas City, 120 Mo. 110; Markowitz v. Kansas City, 125 Mo. 485; Cole v. St. Louis, 132 Mo. 640; Jarboe v. City of Carrollton, 73 Mo. App. 347. (2) The fact that a valid ordinance makes a city liable for a street grading, will not exculpate the city officers who participated in the work, since they are cotrespassers, and a petition stating there was an ordinance, will not excuse the city officers from damages where said officers participated in and directed the work. Rieves v. City of Columbia, 80 Mo. App. 173; Faust v. Pope, 132 Mo. App. 291; Reed v. Keck, 163 Mo. 333. (3) In the absence of a prior ordinance fixing the grade, the property owner has the right to treat the natural surface of the street as the true grade; and the material change in the grade so as to impair the value of the property is a damage for a public use, entitling the owner to compensation. Fred v. Railroad, 65 Mo. App. 121. (4) An act providing for compensation for injuries resulting from a change of grade of a street would include a change in the grade of a sidewalk. Montgomery v. Townsend, 84 Ala. 478; McGar v. Bristol, 71 Ct. 642; Kokomo v. Mahan, 100 Ind. 242. (5) Plaintiff's right to a recovery is not

affected by the fact that she constructed the sidewalk herself. This is immaterial, it being done under the order of the city. Hickman v. Kansas City, 120 Mo. 124; Pearce v. Milwaukee, 18 Wis. 428; Cassell v. Town of Nicholasville, 119 S. W. 788.

*Robert C. Powell* for respondents.

(1) The city had no right to order plaintiff to construct a sidewalk until they had ascertained and paid her her damages. Constitution, sec. 21, art. 2; Vaile v. City, 116 Mo. 333; Whyte v. City of Kansas, 22 Mo. App. 409. (2) The simple notification to plaintiff to build a walk and an advertisement by the city for bids for the building thereof could not be considered duress or a forcing plaintiff to build said walk against her will. Dustin v. Farrelly, 81 Mo. App. 380; Fout v. Gerradin, 64 Mo. App. 169. (3) The plaintiff cannot recover, for, if the grade was not satisfactory, she should have, at the time, so informed defendant's officers. Vaile v. City, 116 Mo. 333; Carson v. St. Joseph, 91 Mo. App. 324; Prott v. Street Ry. Co., 49 Mo. App. 63. (4) The demurrers were properly sustained because the building of the walk, of which plaintiff complains, was done by her and not by the defendants. Vaile v. City, 116 Mo. 333.

STATEMENT.—This action was instituted by the plaintiff, Eliza A. Heidorn, against the city of Kirkwood, a municipal corporation and city of the fourth class, and the mayor and certain members of the board of aldermen of said city, to recover damages for alleged injuries to her property, by reason of changing the grade in front of said property. Demurrers, on the ground that plaintiff's amended petition did not state a cause of action, having been sustained, she declined to plead further, and final judgment was entered for defendants on the demurrers. Thereupon, plaintiff duly prosecuted an appeal to this court.

Shortly stated, the amended petition states, in substantial part, that on July 29, 1909, the individual defendants, as mayor and members of a street and alley committee of the board of aldermen, circulated a petition for a new sidewalk in front of plaintiff's lot, and the city afterwards, on August 9, 1909, by ordinance, condemned plaintiff's old sidewalk and ordered the construction of a new one; that afterwards, on September 7, 1909, the city duly enacted an ordinance materially changing the sidewalk grade from the natural grade; that afterwards the city notified ' plaintiff to proceed with the work of laying the new walk within fifteen days, otherwise it would advertise for bids and let the work by contract and thereafter issue taxbills against her lot to pay for same; that the city afterwards advertised for said bids; that thereupon plaintiff was compelled to construct the new sidewalk upon the grade as established by the ordinance aforesaid; that there is in force and effect in said city an ordinance making it a misdemeanor for an owner to construct a sidewalk except upon the grade as established by the city; that the defendants wrongfully and without plaintiff's authority or consent caused the grade of the sidewalk to be raised and in doing so have caused an embankment to be built thereon extending two feet in places above plaintiff's lot and above the prior existing grade of said sidewalk, without compensating plaintiff for the damages caused thereby; that the acts of defendants aforesaid constituted a trespass upon plaintiff's rights and property; that the individual defendants aided and abetted said trespass by participating therein and directing the work and in causing to be circulated the aforesaid petition.

CAULFIELD, J. (after stating the facts).— Though, perhaps, the petition contains statements of legal conclusions to the contrary, the argument here seems to concede that it is not to be construed as charg-

ing that any of the defendants actually—that is phy-
sically—changed the grade, but that, whatever was
done in that respect, was done by plaintiff, she being
compelled thereto, according to her theory, by the
ordinances, notification and advertisement mentioned
in the petition. We will proceed according to that
construction, and in doing so we are unable to avoid
the conclusion that the demurrers were properly sus-
tained. The mere passage of the ordinance establish-
ing a different grade did not give plaintiff a cause of
action (Kroffe v. Springfield, 86 Mo. App. 530; Rives
v. City of Columbia, 80 Mo. App. 173), and it does not
appear that any of the defendants did anything be-
sides that, other than to call upon plaintiff to build the
sidewalk according to the changed grade and to
threaten to do it at her expense if she did not. Beyond
that they were passive. The actual change of grade
was accomplished by plaintiff herself. Now, the mere
threat to change the grade was not an actionable pri-
vate wrong. [1 Cooley on Torts (3 Ed.), p. 34.] Plain-
tiff's remedies were to prevent by injunction the
threatened trespass (Graden v. Parkville, 114 Mo.
App. 527, 90 S. W. 115), or to await the consummation
of it and then sue for damages; a change of grade
without first compensating the owner being deemed a
trespass. [Rives v. City of Columbia, 80 Mo. App.
173.] She could not piece out a mere nonactionable
threat so as to make it actionable, by doing herself the
threatened injury. Nor can it be justly claimed that
she was compelled by duress to damage her own prop-
erty. Though it is alleged that an ordinance made it
a misdemeanor for an owner to construct a sidewalk
upon any other grade than that established by the city,
it is not alleged that there was any which penalized a
refusal to construct any sidewalk or a refusal to
change the grade. At the most, the defendants
threatened to change the grade of the sidewalk if plain-
tiff did not. To recover damages for having injured

herself by reason of a threatened injury to her property, it must at least appear that plaintiff injured herself in an endeavor or with a purpose to escape from or prevent the thing which was threatened. [See Kraemer v. Duestermann, 35 N. W. (Minn.), p. 276, and cases cited.] Now, what plaintiff did was not done in any such endeavor or for any such purpose. Instead of trying to escape or prevent the threatened thing, she did the thing herself. It cannot be assumed as matter of law that defendants would have done the thing threatened any differently than she did it. [State ex rel. v. St. Louis, 158 Mo. 505, 59 S. W. 1101.] We are of the opinion that the demurrers were properly sustained and that the judgment should be affirmed. It is so ordered. *Reynolds, P. J.* and *Nortoni, J.,* concur.